———o———

D. T. WRIGHT, *et al.*, Plaintiffs in Error, *vs.* J. G. SHEUR, *et al.*, Defendants in Error.

1. *Practice, civil—Supreme Court—Bill of Exceptions—Filing of, etc.*—Where a bill of exceptions is not filed in time, it may be stricken out on motion.

*Error to Moniteau Circuit Court.*

*Edmund Burke*, for Plaintiffs in Error.

*Owens & Woods*, for Defendants in Error.

ADAMS, Judge, delivered the opinion of the court.

This was a proceeding by way of garnishment by the plaintiffs, as execution creditors of Henry Myer, against the defendants as debtors of said Meyer. The whole contest grew out of the issues raised by the defendants' replication to the denial of their answer as garnishees. The denial alleged, that the defendants were indebted to Meyer for a balance due under a contract with defendants for building a church. The replication denied such indebtedness. The defendants admitted that they made the contract as stated, but claimed, that Meyer had failed to perform the contract, and that he had used bad materials and violated his contract, and had damaged them in the sum of one thousand dollars; that they had more than paid him for the performed work. This was in substance the reply.

The case was submitted to a jury, and they found a verdict for the defendants, upon which the court rendered a final judgment. There was no bill of exceptions filed in time, saving the evidence or anything that occured upon the trial. As the bill of exceptions was not filed in time, it was stricken out here on motion. There was a motion in arrest assigning as a reason, that the replication denying the plaintiffs' denial of defendants' answer, and the matters set up in the same, were not sufficient in law to authorize a judgment in favor of the defendants. This motion was overruled, and to this opinion exceptions were duly taken.

There seems to be nothing in the point raised by the motion in arrest. The replication setting up breaches of Myer's contract, and claiming damages to more than the amount of the balance alleged to be due on account of the work done, was certainly a good defense.

Judgment affirmed; all the judges concur.