WILLIAM H. HURT, Respondent, v. WILLIAM R. KING, Appellant.

Kansas City Court of Appeals, February 8, 1887.

1. PRACTICE — BILL OF EXCEPTIONS — MOTION FOR NEW TRIAL — EX- CEPTIONS AT TRIAL.— Where a motion for new trial is not disposed of at the term during which it is filed, but at the next ensuing term, the *bill of exceptions* may be properly filed at such succeeding term. But the provision permitting all exceptions to be embraced in the same bill applies only to the exceptions *taken during the trial of a cause or issue* before the same jury, and *not to all excep- tions taken during the pendency or progress of a cause in court.*

2. ——— MOTION IN ARREST -- OFFICE OF — CASE ADJUDGED. — No exceptions taken during the trial are saved by *motion in arrest* of judgment. It has no such office. It is aimed at the verdict, and reaches only defects and insufficiencies *in the record*, not cured by the verdict. The bill of exceptions filed, in this case, only preserves the exceptions taken to the action of the court, in overruling the

*motion in arrest*, and is *no bill of exceptions* in so far as concerns the exceptions *taken at the trial*, and there being, in this case, no defects or insufficiencies *in the record*, not cured by the verdict, the judgment must be affirmed.

Appeal from Saline Circuit Court, Hon. John P. Strother, Judge.

*Affirmed.*

The case is stated in the opinion.

Davis & Wingfield, for the respondent.

Respondent insists that *there is no bill of exceptions* filed in this case except as to such orders and entries as were made at the October term, 1885, of the Saline county circuit court, and the only entry made at that time was an order overruling the motion in arrest of judgment. The case was tried at the June term, 1885, and a motion for a *new trial* was filed and overruled at that term. And on the third day of July, being the last day of said June term, appellant asked and obtained leave to file a bill of exceptions sixty days after said term, which bill of exceptions *was not filed within said time;* but at the October term, upon the overruling of the *motion in arrest* of judgment, appellant again obtained leave to file a bill of exceptions on or before the first of December, 1885, in vacation, and did file the bill of exceptions now before the court on the twenty-first day of November, 1885, and included in the same all the exceptions taken by the appellant at the June term. Rev. Stat., sect. 3636 ; Sess. Acts, 1885, p. 215 ; *Dale v. Patterson*, 63 Mo. 98 ; *West v. Fowler*, 59 Mo. 40.

H. Clay Ewing and Geo. L. Hays, for the appellant.

The point made as to the *bill of exceptions* is settled beyond peradventure by the following cases, taken together : *Henze v. Railroad*, 71 Mo. 636 ; *Riddlesbar-*

*ger v. McLaine*, 38 Mo. 636, and 160; *Gelshop v. Felts*, 50 Mo. 428; *Peach, Adm'r, v. Patrick*, 53 Mo. 251; *State v. Dodson*, 72 Mo. 283; *Carter v. Prior*, 78 Mo. 222; *Randolph v. Mauk*, 78 Mo. 468. The matter is settled, so far as relates to *motion for new trial*, by the case in 38 Mo. 636 and 160, which is affirmed by that in 71 Mo. 636. The case in 50 Mo. 428, shows that there is *no final judgment* until the motion in arrest is disposed of. The case in 53 Mo. 251, shows that the *motion in arrest* must be included in the bill of exceptions, and hence that the bill of exceptions could not be completed until the motion in arrest was overruled, and the cases in 72 Mo. 283, and 78 Mo. 222, decide that the bill may be filed as well after as before the appeal is allowed, which could not be until the motion in arrest was disposed of. The case of *Randolph v. Mauk* (78 Mo. 468), treats the motions for new trial and in arrest as standing on the same footing with reference to appeal and its incidents.

HALL, J.—This was an action for forcible entry and detainer. The trial, on appeal, in the circuit court, was had at the June term, 1886. After verdict in favor of plaintiff, defendant filed, in due time, motions for new trial and in arrest of judgment. The motion for new trial was overruled at said term, but the motion in arrest of judgment was not acted upon.

The defendant obtained leave of record to file a bill of exceptions in vacation, but did not file it. At the next term the court overruled the motion in arrest of judgment. The defendant then again obtained leave to file a bill of exceptions in vacation, and filed said bill in accordance with said leave.

The question is, did the bill of exceptions so filed constitute a bill of exceptions in so far as concerns the exceptions taken to the action of the court during the trial of the cause?

By our practice act (Rev. Stat., sect. 3635), it is

provided : " Whenever, in the progress of any trial, in any civil suit, pending in any court of record, either party shall except to the opinion of the court, and shall write his exceptions, and pray the court to allow and sign the same, the person composing [1] the court shall, if such bill be true, sign the same."

And by section 3636, as amended in 1885 (Session Acts 1885, p. 215), it is provided : "Such exceptions may be written and filed at the time, or during the term of court at which it is taken, or within such time thereafter as the court may, by an order entered of record, allow. *All exceptions taken during the trial of a cause or issue before the same jury, shall be embraced in the same bill of exceptions.*"

In construing these provisions of our practice act it has been held that, where a motion for new trial is not disposed of at the term during which it is filed, but is continued to the next ensuing term, and then disposed of, the bill of exceptions may be properly filed at such succeeding term, for the reasons that "all exceptions taken during the trial of a cause, or issue, before the same jury, shall be embraced in the same bill of exceptions," and that, until the motion for new trial is disposed of, the whole matter rests in the breast of the court, and that it cannot be said that the cause is finally determined while the motion for new trial remains undecided. *Riddlesbarger et al. v. McDaniel et al.*, 38 Mo. 140 ; *Hewze v. Railroad*, 71 Mo. 644. This construction seems to be correct, and it may be supported by the further consideration, that a motion for new trial specifying the grounds thereof, is necessary, to save the exceptions taken during the trial, and it would be unreasonable, therefore, to require the filing of a bill of exceptions until the determination of the motion for new trial. The motion for new trial should, for the purposes of these provisions of the practice act, be treated as a part of the cause.

It will, however, be observed that every exception

"must be written and filed at the time, or during the term of the court at which it is taken, or within such time thereafter as the court may, by order of record, allow," and that the provision, permitting all exceptions to be embraced in the same bill, applies only to the exceptions *taken during the trial of a cause, or issue,* before the same jury, *and not to all exceptions taken during the pendency or progress of a cause in court.*

Thus it has been held that, exceptions taken at the January term, 1877, to the action of the court in denying a change of venue, could not be "galvanized into life by merely inserting in the bill of exceptions filed at the next May term, the application for such change, and alleging in such bill that defendant excepted to the action of the court in overruling the application." *The State v. Ware,* 69 Mo. 333, cited and appoved in *Keen v. Schroedler,* 6 West. Rep. 851.

No exceptions taken during the trial were saved by the motion in arrest. The motion in arrest has no such office. It is aimed at the verdict, and reaches only defects and insufficiencies in the record not cured by the verdict. The case was finally determined, in the sense that the trial was completed, by the overruling of the motion for new trial, and the bill containing the exceptions taken during the term, should have been filed, either during the term at which said motion was overruled, or in the term prescribed by the order entered of record by the court at said term. The bill of exceptions filed in this case is no bill of exceptions in so far as concerns the exceptions taken during the trial. The bill of exceptions simply preserves the exceptions taken to the action of the court in overruling the motion in arrest.

This conclusion is supported by the decision of the Supreme Court to be now noticed.

The facts in the case of *Wright et al. v. Sheur et al.* (55 Mo. 70), do not fully appear in the report of the case. But in the opinion of the court it is said : "There was no bill of exceptions filed in time, saving the evidence,

or anything that occurred upon the trial. As the bill of exceptions was not filed in time, it was stricken out here on motion. There was a motion in arrest, assigning as a reason, that the replication denying the plaintiff's denial of defendant's answer, and the matters set up in the same, were not sufficient in law to authorize a judgment in favor of the defendants. This motion was overruled, *and to this opinion exceptions were duly taken.*" And, hence, the court in the opinion proceeds to consider the action of the circuit court in overruling the motion in arrest.

We gather from this case that the exceptions taken during the trial were set out in one bill, and that the exceptions taken to the opinion of the circuit court in overruling the motion in arrest, was set out in another bill. And we find it distinctly and plainly held that the first bill was not filed in time, and that the last named exception was duly taken. And we learn that the exceptions taken during the trial were not, on that account, considered, and that the other exception was considered. In other words, it was held and decided in this case that the time proper for saving an exception to the action of the court in overruling a motion in arrest, was not the proper time to file a bill containing exceptions taken during the trial. For, although the facts of the case but meagerly appear, it cannot be doubted that the bill of exceptions was filed at least as early as the overruling of the motion in arrest.

The motion in arrest filed in the present case reached only those defects and insufficiencies in the record not cured by the verdict. We find none such in the record.

The judgment must be affirmed. It is so ordered. All concur.