JOSEPHINE SANDERSON, by next Friend, Respondent,
v. CORNELIUS T. HOLLAND, Appellant.

Kansas City Court of Appeals, April 13, 1889.*

1.  **Malpractice :** EVIDENCE SUPPORTING VERDICT. The evidence in this case examined and found to support the verdict.

* The copy of this case having been lost *in transitu* accounts for its late appearance.

2. ———: CARE AND LIABILITY OF SURGEON: CONTRIBUTORY NEGLI-
GENCE. When a physician or surgeon undertakes the treatment of
a patient, he is only bound to exercise such reasonable skill and
diligence as ordinarily careful and skilful members of his profes-
sion would use in such cases, and is not liable for injuries not pro-
duced by his want of care or skill, but were the results of the
careless treatment of the patient's (in this case a six-year-old girl's)
parents or others having her in charge.

3. ———: CONTRIBUTORY NEGLIGENCE NO DEFENSE. While in this
case the plaintiff child is to be charged with the negligence of its
parents, yet it is no answer to an action, that the injured party,
subsequent to the injury, was guilty of negligence which aggra-
vated it. Such could merely go to mitigate damages. The negli-
ligence that will constitute a defense must have concurred in
producing the injury.

4. ———: SURGEON'S LIABILITY: CONTRIBUTORY NEGLIGENCE: INSTRUC-
TION. An instruction, in effect saying, if the surgeon was him-
self guilty of negligence in his treatment of the case, and such
negligence on his part *produced* the injury to his patient, and the
parents' negligence served to aggravate and increase the injury,
even then the surgeon was liable for injuries which resulted from
his negligence, is approved in this case when taken in connection
with others and the facts of the case.

*Appeal from the Chariton Circuit Court.*—HON. G. D.
BURGESS, Judge.

AFFIRMED.

*Hammond & Son* and *W. W. Rucker*, for the
appellant.

(1) All the instructions, given on behalf of the
plaintiff, ignore the issue of contributory negligence
made by the pleadings, and are otherwise misleading.
These instructions do not fairly present the law of the
case. *West v. Martin*, 31 Mo. 375; *Geiselman v. Scott*,
25 Ohio Stat. 86; *Stillson v. Railroad*, 67 Mo. 671;
*Davis v. Spicer*, 27 Mo. App. 279. (2) Defendant's fifth
and sixth instructions should have been given. There
is no allegation of incompetency in the petition, and

plaintiff must recover in this case, if at all, solely on the ground that defendant was careless and did not exercise the skill which he in fact possessed. *Mayo v. Wright*, 5 West Rep. 595. We have not been able to find a case which does not make the failure or refusal of the patient to co-operate with the surgeon an absolute bar to recovery. It is remarkable to say the least of it, that in this case, where the issue of contributory negligence is made directly by the pleadings, and the testimony shows an utter failure on the part of plaintiff's parents to co-operate with defendant, and properly care for plaintiff, not a single instruction on the issue of contributory negligence was permitted to go to the jury. *Davis v. Spicer*, 27 Mo. App. 279; *Stillson v. Railroad*, 67 Mo. 671; *West v. Martin*, 31 Mo. 375; *Cadmus v. Bridge & Tunnel Co.*, 15 Mo. App. 86; *Holly v. Boston*, *G. L. Co.*, 8 Gray, 132; *Railroad v. Stratton*, 78 Ill.; s. c., 3 Cen. L. J. 415; Thompson on Neg., sec. 36, and authorities cited; *Jones v. Angell*, 95 Ind. 376; *Hubbard v. Thompson*, 109 Mass. 286; *Mallen v. Boynton*, 132 Mass. 443; *Potter v. Warner*, 91 Pa. St. 362; *Geiselman v. Scott*, 25 Ohio St. 86; *McCondless v. McWha*, 22 Pa. St. 286; 4 Am. & Eng. Ency. of Law, pp. 87–90, and authorities there cited. (3) The verdict is not sustained by the evidence, and is manifestly the result of passion, prejudice or partiality. The uncontradicted testimony is, that the injury resulted from erysipelas, a distinct disease, that developed after defendant set the arm, and before the time he was, by agreement, to return. He was not to return for eight or ten days, unless notified. He was not notified. This being true, there is no evidence to sustain the verdict, and the judgment should be reversed. This will be done by "this court whenever it appears in a case that the verdict of a jury is so clearly against the weight of evidence that it must have been the result of passion or prejudice." *Hipsley v. Railroad*, 88 Mo. 348; Elwell on Malpractice, 74; 4 Am. &

Eng. Ency. of Law, pp. 91–93, and cases cited; Wharton on Neg., secs. 423–426; *Milburn v. Railroad,* 86 Mo. 104; *Buesching v. Gas Co.*, 73 Mo. 229.

*Crawley & Son* and *Kinley & Wallace,* for the respondent.

(1) Plaintiff's instructions present a consecutive series of propositions applicable to the case, and amply supported by the authorities: Cooley on Torts, 649; Wharton's Law Neg. [1 Ed.] ch. 15, p. 621, sec. 730; Cooley on Torts, 650; Wharton's Law Neg. [1 Ed.] ch. 15, p. 621, sec. 731; Bliss on Code Pleading, sec. 14 and cases cited; Cooley on Torts, 683, and cases cited in note 5; Field on the Law of Damages, p. 160, sec. 169; Wharton's Law Neg. [1 Ed.] p. 292, sec. 323; Cent. Law Journal, p. 571, and cases cited; Amer. and Eng. Ency. of Law, p. 30, sec. 13; Field on Law of Damages, p. 535, sec. 668; Sutherland on Damages, ch. 26, p. 711, *et seq.; Welch v. McAllister,* 15 Mo. App. 492; *Russell v. Town of Columbia,* 74 Mo. 480; *Jones v. Railroad,* 28 Mo. App. 28. (2) The fifth instruction asked on part of defendant was properly refused. Its only effect, if granted, would have been to mislead the minds of the jury from the only issue in the case, viz.: The degree of care and skilfulness employed by defendant in the treatment of this one patient. But, conceding the instruction would have been proper, it was not necessary, because the instructions given fairly and correctly declare what the real issue was, and in such cases this court declines to interfere, even where an appropriate instruction has been refused. *Boone v. Railroad,* 20 Mo. App. 232; *Norton v. City of Moberly,* 18 Mo. App. 457. (3) The court also did right in refusing defendant's sixth instruction. That instruction is open to various objections, any one of which would justify its refusal. *St. Clair v. Railroad,* 29 Mo. App. 76; *Matthews v. Railroad,* 29 Mo. App. 75; *Stone v. Hunt,* 94 Mo.

475; *Owens v. Railroad*, 95 Mo. 169; *Walsh v. Trans. Co.*, 52 Mo. 434; *Brown v. Railroad*, 50 Mo. 461; *Dunkman v. Railroad*, 95 Mo. 232, 242, 244; *Boland v. Railroad*, 36 Mo. 484; *Frick v. Railroad*, 75 Mo. 595; *Duffy v. Railroad*, 19 Mo. App. 380; Field on the Law of Damages, p. 185, sec. 194; Wharton's Law Neg. [1 Ed.] p. 274, sec. 310; 2 Thompson on Negligence, p. 1188, sec. 36, *et seq.;* 4 Amer. and Eng. Ency. of Law, p. 87 and notes. (4) The amount awarded as damages proves better than any argument that, instead of partiality, passion or prejudice, the jury were controlled by a discriminating sense of justice and right. In such cases appellate courts always defer to the result reached by the triers of the fact. The verdict is supported by substantial evidence and ought not to be disturbed. *Elliott v. Rosenberg*, 17 Mo. App. 667; *Norton v. City of Moberly*, 18 Mo. App. 457; *Scherer v. Rischert*, 23 Mo. App. 275; *Manor v. City of Rich Hill*, 28 Mo. App. 497; *Moore v. Railroad*, 73 Mo. 438; *Pritchard v. Hewitt*, 91 Mo. 547.

GILL, J.—This is a suit for damages, brought by the plaintiff, a little girl, six years old, against the defendant for malpractice, in setting and treating a broken arm. The girl's arm was fractured at a point about two inches above the elbow, and the defendant Dr. Holland, a practicing physician, was called in to attend the injury. There is no question but that the little girl has suffered severely, and unnecessarily, from a rather simple wound, by the carelessness, or want of skill, of somebody. By this suit it was charged on the attending physician, Dr. Holland, and at the trial in the circuit court the plaintiff recovered against the defendant in the sum of one thousand dollars, and defendant appeals. The only errors assigned relate to instructions given and refused, and that the evidence does not support the verdict of the jury.

I. There is no ground for the latter complaint. There appears in the record ample evidence to sustain

the finding of the jury; at any rate we are not here to weigh the evidence. The chief matter complained of in the evidence for the plaintiff is the careless and unskilful manner in which the broken arm was dressed in the first instance. Plaintiff's evidence tends to prove that Dr. Holland, when he set and bandaged the arm, performed the act in what other physicians condemned as very unskilful and improper. He is charged, by this evidence, with extending the arm its full length, in a straight line, and in that position bandaged it from fingers to shoulder. He then put on splints from shoulder to elbow, and then forced the arm into a right angle so as to swing it, thereby pressing the elbow ends of the splints into the forearm, causing the child to scream with pain, and stopping thereby the circulation to the lower-arm, which, the physicians say, caused gangrene to set up, which resulted in the permanent injury to the plaintiff of which she now complains.

II. Neither is there any just reason to find fault with the court's instructions. When considered together, as one entire charge, they intelligently announced the law as applicable to the case. The jury was correctly informed, by these instructions, as to the measure of care, skill and diligence the defendant, as a physician and surgeon, was bound to exercise, when he undertook to treat the plaintiff's arm; and the jury was likewise correctly instructed as to defendant's liability if he failed to exercise such care and skill, and the plaintiff suffered injury therefrom. On the other hand, the jury was correctly told that the defendant was only bound to the exercise of such reasonable skill and diligence as ordinarily careful and skilful members of his profession would use in such cases; and, further, the jury was told that, if plaintiff's injuries were not produced by the defendant's want of care or skill, but were the result of the careless treatment of her parents, or others, who had her in charge, then defendant was not liable.

Defendant's contention, that the court did not properly present to the jury, in the instructions, the defense of contributory negligence, is not well taken. The refusal of defendant's instruction number 6 was proper.   By that instruction the jury would have been told, in effect, that even though Dr. Holland did negligently and unskilfully set, dress and bandage the arm in the first instance, and the plaintiff was thereby injured, yet, if the parents of the child, having it in charge, thereafter, by their negligence and failure to follow instructions, etc., contributed to, or aggravated, these injuries, then the verdict should have been for the defendant.   Such is not the law.   Defendant's counsel contends properly, we think, that this plaintiff child is to be charged up with the negligence, if any shown, of its parents, since they were present with it, and in complete control of its movements.   *Stillson v. Railroad*, 67 Mo. 671.   And so the trial court declared, in defendant's instruction number 3, and the jury was correctly advised that if the injuries to the child were produced by the negligence of such parents, and not by that of the defendant, then their verdict should be for the defendant.   The uniform rule seems to be, that if the plaintiff be injured by the concurrent act of the defendant, and another, that such concurrent negligence of the third party is no defense to the co-actor sued. Cooley on Torts, p. 684.

We regard the conduct of the parents in this case, however, as that of the plaintiff.   While then it is a good defense, in an action for negligence, that the negligence of the plaintiff, *at the time of the injury*, contributed to produce the injury, yet "it is no answer to an action, that the injured party, subsequent to the injury, was guilty of negligence which aggravated it. The negligence that will constitute a defense must have concurred in *producing* the injury."   Cooley on Torts, p. 683.   If then the defendant, Dr. Holland, carelessly and unskilfully set, bandaged and dressed plaintiff's

arm, and she was injured thereby, then the action will not be *defeated* by showing that subsequently her parents added to the extent of such injuries by their carelessness and negligence in nursing. This showing would not *defeat* plaintiff's case, but merely go to *mitigate* the damages as against the defendant. *Russell v. Columbia*, 74 Mo. 494; *Wilmot v. Howard*, 39 Ver. 447; *Santer v. Railroad*, 66 N. Y. 50; *Railroad v. Buck*, 96 Ind. 351-2.

At the argument of this cause before us, defendant's counsel criticised plaintiff's instruction number 4, and, as we think, unjustly. The jury was, in effect, told by said instruction that, while the defendant could not be held for injuries occasioned by the neglect of plaintiff's parents, yet, "if the surgeon was himself guilty of negligence, in his treatment of the case, and such negligence on his part *produced* injury to his patient," and the parent's negligence served to aggravate and increase the injury, even then the defendant was liable for injuries which resulted from the negligence of the surgeon. This instruction, especially when read and understood in connection with others and with the facts of the case, clearly informed the jury that defendant was to be held liable only for the injuries which he brought about and nothing more.

We think the jury was properly instructed and that the evidence warranted the verdict. The judgment of the circuit court is affirmed. The other judges concur.