Carpenter v. McDavitt & Cottingham.

JESSE CARPENTER, Respondent, v. McDAVITT & COTTINGHAM, Appellants.

Kansas City Court of Appeals, April 3, 1893.

1. **Bill of Exception:** EXCEPTION TAKEN AT SUBSEQUENT TERM: STATUTE. Section 2168, Revised Statutes, 1889, does not authorize the insertion in a bill of exceptions, taken after the September term, 1891, of objection and exceptions to the action of the trial court at the September term, 1890, in overruling a motion, unless some of the alternatives provided in the section exist.

2. **Jurisdiction:** CHANGE OF VENUE: PRACTICE: EXCEPTIONS. While it is error for a circuit court to order a change of venue before the issues are made up, an appeal court cannot review such action unless it appear that an exception was saved at the time, and such order will transfer the cause and confer jurisdiction on the court to which it is sent. (*State ex rel. v. Bacon,* 107 Mo. 627, *distinguished.*)

3. **Malpractice:** PLEADING: SUFFICIENCY OF PETITION. A petition against physicians for malpractice charged: "That defendants so negligently, carelessly and unskillfully treated and managed said injury that said fractured bones were not set and placed, and caused to remain in their proper position." *Held*, it states a good cause of action.

4. **Practice, Appellate:** ABSTRACT: DEMURRER. The appellate court will not review and examine the question whether there is evidence to sustain the action unless the evidence is set forth *in hæc verba* in the abstract. But in this case there was evidence to go to the jury.

5. ———: MEASURE OF DAMAGES: INSTRUCTIONS: ELEMENTS. Instruction on the measure of damages in this case is condemned as being too general and indefinite, and suggestions are offered as to what are the proper elements of damage in case of malpractice.

6. **Practice, Trial:** DAMAGES: INSTRUCTIONS: DUTY OF PLAINTIFF: DEFENDANT. Where a plaintiff undertakes by an instruction to lay down a rule for the government of the jury in assessing damages, it, should be broad and explicit, covering the whole ground, and this duty in whole or in part ought not to be made to devolve on the defendant.

*Appeal from the Macon Circuit Court.*—HON. ANDREW ELLISON, Judge.

REVERSED AND REMANDED.

*Dysart & Mitchell* and *Joseph Park*, for appellants.

(1) The Macon circuit court had no jurisdiction to try said cause. It could only have acquired jurisdiction by change of venue from the La Plata court, and the La Plata court had no power or jurisdiction to make the order until after all pleadings had been filed and the issues made up. Revised Statutes, 1889, sec. 2264, p. 584; Session Acts, 1877, pp. 215, 216; Amended Session Acts, 1879, 84; *State ex rel. v. Bacon*, 107 Mo. 627. (2) Appearance by defendants and answering, after the motion to remand, could not confer jurisdiction. The case was and still is pending at La Plata. The Statute is imperative. *Virginia v. Rives*, 10 Otto, 313; *West v. Aurora*, 6 Wall. 139; *Steamship*

*Co. v. Tugman,* 16 Otto 118; *Railroad v. Mississippi,* 12 Otto, 135; 10 Otto, 457. (3) The petition fails to state a cause of action, and the objection to receiving any evidence in support thereof, and the motion in arrest should have been sustained. A general allegation of negligence is not sufficient, without a statement of the specific acts of negligence. *Bowers v. Smith,* 35 Cent. Law Jour. 305–309, 111 Mo. 45; *Gurley v. Railroad,* 93 Mo. 445. (4) Plaintiff's first instruction as to the measure of damage is error. It leaves the jury to rove at pleasure, without calling their attention to the elements to be considered in fixing the amount of damage. *Schaub v. Railroad,* 106 Mo. 74–93; *Parsons v. Railroad,* 94 Mo. 286. And the same is not aided or cured by the ninth instruction, even if the latter were correct. *Billups v. Daggs,* 38 Mo. App. 367. (5) Plaintiff's ninth instruction on the measure of damage is error, in not confining the same to the damage resulting from the negligence of the defendants. The damage caused by the negligence of the plaintiff should have been considered in mitigation, even if not of such character as to defeat his recovery. *Sanderson v. Holland,* 39 Mo. App. 233–240; *Russell v. Columbia,* 74 Mo. 480–494.

*W. H. Sears* and *Ben Eli Guthrie,* for respondent.

(1) The circuit court sitting at La Plata is presumed to have done all things rightly. It devolves upon appellants to show by its record that it proceeded erroneously, and that they objected, and saved their exceptions by proper bill of exceptions granted by that court, and not by one granted by some other court. *Keen v. Schneider,* 92 Mo. 516, 524; *Squires v. Chillicothe,* 89 Mo. 226, 232; *State v. Dodson,* 72 Mo. 283, 285; *Stearns v. Railroad,* 94 Mo. 317, 321. Every presumption must be indulged in favor of the correctness of the

action of the court in the absence of anything in the record showing the contrary. *Ryder v. Roberts*, 48 Mo. App. 132, 134-5; *Matson v. Frazer*, 48 Mo. App. 302-310; *Mfg. Co. v. Steamboat*, 42 Mo. App. 85, 93; *Huxley v. Harrold*, 62 Mo. 516, 523, and cases cited; *Dingee v. Kearney*, 2 Mo. App. 515, 523. If section 2264, Revised Statutes, 1889, were mandatory (which is denied), still there was no evidence before this court (nor was there before the Macon court) that "all pleadings were not filed and the issues not made up." *Knipper v. Blumenthal*, 107 Mo. 665; *LeMay v. Railroad*, 105 Mo. 361-370; *Shaw v. Railroad*, 104 Mo. 648; *Ravenscraft v. Railroad*, 27 Mo. App. 617; *McNees v. Railroad*, 22 Mo. App. 224; *State v. Thrig*, 106 Mo. 267, 270. (2) The petition is sufficient and states a cause of action. *Solan v. Moberly*, 17 Mo. App. 436; *Palmer v. Railroad*, 76 Mo. 217; *Stillwell v. Ham*, 97 Mo. 579, 585; *Warmick v. Baker*, 42 Mo. App. 430; *State v. Pace*, 34 Mo. App. 458; *Bricker v. Stone*, 47 Mo. App. 530, 534; *Goins v. Railroad*, 47 Mo. App. 173; *Bowers v. Smith*, 111 Mo. 45. (3) Appellants' contention "that there was no evidence showing or tending to show that the leg was not set or kept in position, and the court should have directed a verdict for the defendants" cannot be noticed by this court. The abstract does not undertake to set out the testimony of any witness in full. *Meriwether v. Howe*, 48 Mo. App. 148, 152; *Christopher v. White*, 42 Mo. App. 428; *Calvert v. Bates*, 44 Mo. App. 626, 633; *Bank v. Davidson*, 40 Mo. App. 421, 423; *Long v. Morrison*, 77 Am. Dec. 72; *Vanhooser v. Berghoff*, 90 Mo. 490, 492, 495, 498; *Utley v. Burns*, 70 Ill. 162; *Patton v. Warner*, 91 Pa. St. 362; Wharton's Negligence, secs. 730, 731, p. 621. (4) Plaintiff's first instruction merely allows a finding for the plaintiff on the conditions therein hypothecated, and confines its amount to the sum sued

for. His ninth instruction further confines the amount, and particulary draws the attention of the jury to the facts that they could consider, and especially confines them to actual damages. The two instructions taken together, as the jury evidently took them, are well enough, and plaintiff's authorities are not applicable. *Tetherow v. Railroad*, 98 Mo. 74, 86.

SMITH, P. J.—The plaintiff sued the defendants for malpractice. The defendants are partners, and practicing physicians and surgeons at La Plata, Missouri. Plaintiff, who lived within a couple of miles of La Plata, had his leg broken by his horse falling with him on the second Sunday in May, 1889; it was the twelfth of the month. He called the defendants to attend him and gave them his case. On the afternoon of the same day they called, took charge of the case, reduced the fracture and put on a temporary dressing of splints, etc.

The fracture was near the junction of the lower and middle thirds of the tibia, or larger bone, and there was also a fracture near the junction of the upper and middle thirds of the fibula, or smaller bone. The latter was a "greenstick," fracture, *i. e.*, the bone was not broken entirely in two; in the former fracture the break was complete and nearly square, obliquing slightly downwards from the rear to the front. The evidence tends to establish the fact that defendant, Dr. Cottingham, who treated the plaintiff's fracture, was a skillful and experienced physician and surgeon. It appears, however that, some weeks after the doctor had ceased to treat the plaintiff, there was discovered considerable curvature and deformity in the plaintiff's limb, and besides this it did not seem that bone union had perfectly taken place, and doubt was expressed by some of the surgeons, who testified in the case, as to

whether there would ever be a perfect union of the fractured bones.

There was also evidence tending most strongly to show that after the plaintiff had got upon crutches he had prematurely borne his weight upon the fractured limb, which caused the condition in which it was afterwards found and of which complaint is made. It further appears from undisputed evidence that the plaintiff was of a consumptive tendency; that his mother and two of his aunts had died with consumption and that her family were generally afflicted with scrofulous or tuberculous *diathesis*, and that in cases of fractured limbs of persons inheriting such tendencies favorable results were not to be expected. There was a trial and judgment for plaintiff for $2,000 and to reverse which this appeal was taken.

The first question which is presented by the record before us for our decision is one of jurisdiction. The defendants here insist that the Macon circuit court erred in overruling their motion to remand the cause to the La Plata circuit court and in the assumption of jurisdiction to try the cause. The record shows that this motion was filed and overruled at the September term, 1890, of the former court. The trial took place at the September term, 1891, and the bill of exceptions was filed by leave of the court thirty days thereafter. In the bill of exceptions it is recited that the court at its September term, 1890, overruled defendants' motion, and to which ruling at the time they duly excepted.

Although section 3636, Revised Statutes, 1879, changed by the amendatory act of 1885, and as so amended, incorporated into the Revision of 1889 as section 2168, we cannot discover under the statute in relation to writing and filing exceptions as it now stands that the exceptions, if any were taken at the September term, 1890, to the action of the court in overruling the

motion to remand, could be galvanized into life by merely inserting in the bill of exceptions, filed thirty days after the September term, 1891, the said motion, and alleging in such bill the action of the court in overruling the same any more than it could before the said amendment, unless some one of the alternatives provided in section 2168 exists, which does not appear to be the case here. *State v. Ware*, 69, Mo. 332; *Hurt v. King*, 24 Mo. App. 593; *Givens v. Van Studdiford*, 86 Mo. 149.

But if the construction of the statute as just indicated is wrong there is still another reason why we cannot sustain the defendants' contention. It may be, and likely is, true that it would be error for a court in the face of the statute, section 2264, forbidding an entry to be made awarding a change of venue before the pleadings are all filed and the issues made up, still we would be powerless to review the action of the court in that regard on appeal or writ of error from the final judgment in the cause, unless it appeared that an objection was made and an exception saved at the time in the court awarding a change of venue of which there is no pretense in this case. *Potter v. Adams*, 24 Mo. 159; *State v. Knight*, 61 Mo. 374; *State v. Dodson*, 72 Mo. 284; *Squires v. Chillicothe*, 89 Mo. 226; *Stearns v. Railroad*, 94 Mo. 319. The La Plata circuit court is one of general jurisdiction proceeding according to the course of the common law. It had jurisdiction to award a change of venue of the cause. Every presumption in favor of the correctness of its action in awarding the change must be indulged. The order of that court awarding the change of venue of the cause to the Macon circuit court is regular on its face and for the reasons already sufficiently stated could not be challenged for irregularity either in the latter court or here. It inevitably and necessarily follows that the

order was sufficient to transfer the cause to the Macon circuit court.

The defendants in support of their position cite *State ex rel. v. Bacon*, 107 Mo. 527. That was a case arising under totally different statutes from those which authorized the change of venue in this case, as will appear by a reference to the opinion in the court therein. Besides this the proceeding was by *mandamus* issuing out of the supreme court where the question of practice which we have been considering did not arise. Nor do we think that the ruling made in the cases cited by us as controlling authority in the present case, is in any way encroached upon by the case cited by the defendants. We think the reasoning of that case is not applicable to this. We must rule the defendants' jurisdictional question against them.

II. It is next objected by the defendants that the petition fails to state a cause of action. It charges "that the defendants so negligently, carelessly and unskillfully treated and managed said injury that the said fractured bones were not set and placed and caused to remain in their proper positions, *and said injury was not properly and skillfully treated and managed by the defendants.*"

The *italicized* words of the above paragraph do not add anything to those which precede it or render the whole charge more comprehensive than it would otherwise be without their presence. The specific acts of negligence charged in the first part of the paragraph is but repeated in the latter part, differing only in the forms of expression employed. So that the specific acts of negligence charged in the petition are contained in those words of the paragraph which precede the italicized part of it.

In *Gurley v. Railroad*, 93 Mo. 445, it was stated that a petition which states generally that plaintiff was injured by the negligence of defendant would be

worthless, and that the acts which it is intended to be shown were negligently done should be set out with a reasonable degree of particularity and in some appropriate form of expression charged to have been negligently done. And similar rulings have been made in other cases. *Mack v. Railroad*, 77 Mo. 232; *Schneider v. Railroad*, 75 Mo. 295; *Edens v. Railroad*, 72 Mo. 213; *Sullivan v. Railroad*, 97 Mo. 113; *LaMay v. Railroad*, 105 Mo. 361; *Pope v. Railroad*, 99 Mo. 400; *Shaw v. Railroad*, 104 Mo. 648.

These cases make a distinction between the *acts* and the *facts* constituting the negligence. It seems that it is necessary to set out the former but not the latter. Nothing more need be said than that the petition states a good cause of action within the meaning of the rule laid down in the cases to which we have just referred.

III. The defendants next insist there was no evidence adduced to prove the specific negligence charged in the petition. The plaintiff shows by his counter abstract that the defendants' abstract does not contain so much as the substance of the evidence. The defendants' objection amounts to a demurrer to the evidence which we would be unwilling to examine unless the evidence were set forth *in hæc verba*, or was conceded to be correct. In this case we may, however, say that the evidence presented by the two abstracts seems sufficient to have warranted the court in submitting the case to the jury.

IV. The defendant complains of the action of the court in giving the first, second and third instructions asked by plaintiff. These instructions, with the exceptions we shall presently mention, are similar in enunciation to those of corresponding numbers given for the defendants, and announce correct principles of law as

applicable to the case. *Vanhooser v. Berghoff*, 90 Mo. 490; Wharton's Negligence, secs. 730–731; *Utley v. Bemis*, 70 Ill. 163; *Poken v. Wamer*, 91 Pa. St. 362.

These instructions of the plaintiff are however subject to the objection of being too general. They do not require the jury to find the specific acts of negligence which the petition alleges to have caused the injury. The inquiry of the jury should have been confined within the limits of the allegations of the petition. When instructions are so framed the jury cannot mistake their duty as to the scope of their inquiry.

The plaintiff's first instruction directed the jury that, if they found from the evidence the facts embraced in its hypothesis, they should find for him in such sum as they believed from the evidence he was entitled to, not exceeding the amount sued for. It is contended that this instruction is erroneous in not calling the attention of the jury to the items of damage which they were authorized to take into consideration in estimating the damages to which plaintiff was entitled to recover. And it is further suggested that the plaintiff's ninth instruction, which told the jury that, in estimating the damages, they should consider the extent and permanency of plaintiff's injury, if shown by the evidence, and assess the damages in such reasonable sum as they believed from all the evidence would reasonably compensate plaintiff for his actual injury, not to exceed the amount sued for, and that plaintiff was only entitled to reasonable damages for the actual injury sustained.

It is the well-settled law, that if injury result to the patient of an attending physician and surgeon by reason of the want of ordinary skill or ordinary attention in the treatment of the former by the latter, the former may recover damages for the injury and such

as are compensatory in their nature. These have been held to include both direct and indirect, if referable to and resulting from the course of treatment complained of. Suffering also, which is produced in consequence of the acts in question, may be the subject of compensation; so also, loss of time and actual expenses incurred in consequence of the fault, want of skill or negligence of the physician and surgeon. Regard must also be had in such case to the character of the resulting injury, as to whether temporary or permanent in its consequences. So also the situation and condition of the injured party may be considered. So also may the effect of the injury in future upon the health of the patient, the use of his limb, his ability to labor and attend to his affairs and generally to pursue the course of life as otherwise he might have done, and the like. These elements are to be taken into consideration by the jury when the evidence tends to prove the existence of all or any of them. *Chamberton v. Porter*, 9 Minn. 260; *Teft v. Wilcox*, 6 Kan. 46; *Curtis v. Railroad*, 20 Barb. 291.

But an instruction omitting these elements of damage should likewise, in a case like the present, also direct the jury that the injury which the plaintiff originally received to his leg was not produced by the fault of the defendants, and therefore the pain and suffering caused thereby should not be considered in estimating the damages, but they should consider only such additional pain and suffering, if any is shown to exist, which plaintiff underwent because of the want of reasonable care and skill in the treatment. And a like limitation should be declared in respect to the permanent injury, if any. In the same connection the jury should be told further that if they find for the plaintiff they should only assess such damages as he has sustained on account of the treatment of his injury, and

should not allow any damages for any aggravation of the injury or new injury to him, if any evidence showed that it was caused by his own imprudent use of his leg. *Sanderson v. Holland*, 39 Mo. App. 233; *Russell v. Columbia*, 74 Mo. 480.

If the instructions had embodied these principles as far as made applicable by the facts which the evidence tended to show, the jury would have been definitely advised of the elements which it was their province to consider in estimating the damages. The propriety and necessity of giving an instruction, pointing out to the jury the elements of damage to be considered by them in cases in principle not unlike this, will appear by reference to *Goss v. Railroad*, 50 Mo. App. 614, and the authorities there collated.

In the case just named it was stated that *Tetherow v. Railroad*, 98 Mo. 74, was in effect overruled by the later cases of *McGowan v. Ore & Steel Co.*, 109 Mo. 518, and *Schaub v. Railroad*, 106 Mo. 174; and that it was not believed that a failure of the defendants to supply by instruction of his own the essential features which were omitted from that of the plaintiff in respect to the elements of damages, should have the effect to estop the former from here complaining of the measure declared in that of the latter. When, as in this case, the plaintiff undertakes in an instruction to lay down the rule for the government of the jury in assessing the damages, it should be broad and explicit, covering the whole ground. This duty in whole or in part ought not to be made to devolve on the defendants. Any supplementary instruction on the subject coming from him is liable to be construed by the jury as a confession that the plaintiff is entitled to recover some damages. Such an instruction, in the hands of ingenious adversary counsel who have the closing of the argument before the jury, may be used with damaging

effect. It is, we think, the duty of the plaintiff to present to the court and jury in his instructions a full and complete rule on this subject and, hence, it would be quite unfair and unjust to require the defendants to do that which is the duty. of the plaintiff, especially so in a case like this where the defense of contributory negligence was interposed and submitted to the jury. We are therefore of the opinion that the rule for the admeasurement of the damages declared in the plaintiff's first and ninth instructions was erroneous.

There are numerous other objections urged against the plaintiff's instructions, but these we think are without merit. The instructions, with the exception already sufficiently stated, very fully and fairly presented the law of the case to the jury.

It follows that the judgment must be reversed and the cause remanded. All concur.