BY THE

## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

MARCH TERM, 1896.

---

(*Continued from Volume 65.*)

---

JESSE W. CARPENTER, Respondent, v. MCDAVITT & COTTINGHAM, Appellants.

### Kansas City Court of Appeals, March 23, 1896.

1. **Appellate Practice:** SECOND APPEAL: RES ADJUDICATA. On second appeal questions of law decided on a former appeal are no longer open but are *res adjudicata.*

2. **Damages:** INSTRUCTION: HARMLESS ERROR. An instruction as to the measure of damage criticised, but *held* to be harmless.

3. **Appellate Practice:** ABSTRACT. Where the abstract contains mere excerpts of the testimony, the appellate court can not consider the sufficiency of the evidence or whether there was or was not evidence of given facts.

4. **Damages:** EXCESSIVE. Damages of $1,500 in this case, *held* not to be excessive.

VOL. 66 app—1 (1)

Carpenter v. McDavitt & Cottingham.

*Appeal from the Schuyler Circuit Court.*—HON. ANDREW
ELLISON, Judge.

AFFIRMED.

*Dysart & Mitchell, Joseph Park,* and *N. M. Shel-
ton* for appellants.

(1) Instructions numbered 1, 2, and 3, given by
the court for the plaintiff are erroneous and fatally
defective, in this, that they are too general, and fail to
confine the jury to the facts of negligence charged in
the petition. *Gurley v. Railroad,* 93 Mo. 445; *Yarnall
v. Railroad,* 75 Mo. 575; *Brown v. Railroad,* 101 Mo.
484; *Mfg. Co. v. Ball,* 43 Mo. App. 504; *Railroad v.
Railroad,* 118 Mo. 599; *Jacquin v. Cable Co.,* 57 Mo.
App. 320; *Goodwin v. Railroad,* 75 Mo. 73; *Moore v.
Railroad,* 126 Mo. 265–278. (2) The instructions num-
bered 4, 5, and 6, given by the court for the plaintiff,
are erroneous and fatally defective, in this, that the
plaintiff is permitted and authorized to recover upon
the theory that the defendants abandoned their em-
ployment and the treatment of plaintiff's leg without
giving to the plaintiff due notice of such abandonment.
*Griffith v. Conway,* 45 Mo. App. 574; *Hohstadt v.
Daggs,* 50 Mo. App. 240; *Machine Co. v. Bobbst,* 56
Mo. App. 427; *Evans v. Graden,* 125 Mo. 72–78; *Wil-
burn v. Railroad,* 36 Mo. App. 203; *Carroll v. Railroad,*
60 Mo. App. 465, 468. (3) The eighth instruction
given by the court for the plaintiff is erroneous and
fatally defective. *Carpenter v. McDavitt,* 53 Mo. App.
393. The first, second, and fifth paragraphs of this
instruction require the jury to consider, as elements
of damage, pain and suffering, loss of time, and any
injurious effect upon the health of the plaintiff. There
was no allegation or proof of any pain and suffering,

loss of time, or injurious effect upon the health of the plaintiff. Such damage is consequential and should have been pleaded. *Mellor v. Railroad*, 105 Mo. 455, and cases cited; *Mammerberg v. Railroad*, 62 Mo. App. 563, 568; *Slaughter v. Railroad*, 116 Mo. 269, 274. The use of the expression—"preponderance of the evidence"—was improper in the instruction. *State v. Heinze*, 45 Mo. App. 403, 413; *Milling Co. v. Walsh*, 37 Mo. App. 567; *Crawford v. Dappler*, 120 Mo. 362. (4) The ninth instruction given by the court for the plaintiff on the question of damages is erroneous and fatally defective. *Beck v. Dowell*, 111 Mo. 506; *Wilburn v. Railroad*, 36 Mo. App. 215 and 216. It gives to the jury a roving commission and authority in their assessment of damages, which the law forbids. 1 Sutherland on Damages, pp. 742, 746. This paragraph of the instruction finds no support in *Russell v. Columbia*, 74 Mo. 480, nor in *Smith v. Butler*, 48 Mo. App. 663. (5) If the plaintiff was guilty of contributory negligence, or materially aggravated the injury by his own misconduct, or by disobedience to the instructions of the defendants, then he can not recover at all. *Railroad v. Norton*, 24 Pa. St. 465; *Simonds v. Henry*, 39 Me. 155; *Haire v. Reese*, 7 Phila. (Pa.) 138; *Bogle v. Winslow*, 5 Phila. (Pa.) 136; *Young v. Mason*, 35 N. E. Rep. 521; *Potter v. Warner*, 91 Pa. St. 362; *Railroad v. Armstrong*, 49 Pa. St. 186; *Railroad v. Norton*, 24 Pa. St. 465; *Lower v. Franks*, 115 Ind. 334; *Chamberlain v. Porter*, 9 Minn. 260; *McCandless v. McWha*, 22 Pa. St. 261; *Reber v. Herring*, 115 Pa. St. 599; *Dunn v. Railroad*, 98 Mo. 652, 656; *Gieselman v. Scott*, 25 Ohio St. 86. (6) The verdict is grossly excessive, and for that reason alone ought not to stand.

*W. H. Sears, Ben Eli Guthrie*, and *C. C. Fogle* for respondent.

(1) The pleadings are the same as when in this court before; so is the evidence; and so, in substance, are plaintiff's instructions. The trial was had on the theory directed by this court in 53 Mo. App. 393. All the matters complained of are *res adjudicata. Hance v. Railroad*, 62 Mo. App.60; *Bank v. Taylor*, 62 Mo. 338; *Chouteau v. Gibson*, 76 Mo. 38; *Cherry v. Railroad*, 61 Mo. App. 303, 307; *Hombs v. Corbin*, 31 Mo. App. 393; *Conroy v. The Iron Works*, 75 Mo. 651; *Shoninger v. Day*, 61 Mo. App. 366; *Walser v. Graham*, 60 Mo. App. 323; *Masterson v. Railroad*, 58 Mo. App. 572; *Galbreath v. Newton*, 45 Mo. App. 312, 324. (2) Appellants object to plaintiff's instructions 1, 2, and 3, and they made the same objection on the former appeal. But those instructions are the law. *Carpenter v. McDavitt*, 53 Mo. App. 401, 402, and cases cited; *Leighton v. Sargent*, 59 Am. Dec. 388, and notes; *Patton v. Wiggin*, 81 Am. Dec. 593; *Lynch v. Davis*, 12 Howard Pr. 323; *Long v. Morrison*, 77 Am. Dec. 72; *Vanhooser v. Berghoff*, 90 Mo. 490, 492, 495, 498; *Utley v. Burns*, 70 Ill. 162; *Patton v. Warner*, 91 Pa. St. 362; Wharton's Negligence, secs. 730, 731, p. 621. (3) Appellants objected to plaintiff's instructions 4, 5, and 6, and they made the same objection on the former appeal. But these instructions are the law. *Carpenter v. McDavitt, supra.* Continued attention, as long as attention is required, is implied by law. And care is required by the surgeon as to when the attendance may be properly and safely discontinued. *Ballou v. Prescott*, 64 Me. 305; Wharton's Negligence, secs. 730, 731, p. 621. (4) The whole evidence tends to show that the injury occurred from negligence in set-

ting the leg before or when placed in the hard dressing; or on the other hand, that plaintiff caused the injury himself after the hard dressing was removed and he had visited the doctor on the twentieth of June. That was the theory on which plaintiff and defendants in their evidence presented the case to the jury. It was too late, after the evidence was in, to change their theory. *Building Ass'n v. Kleinhoffer*, 40 Mo. App. 388, 394; *Witascheck v. Glass*, 46 Mo. App. 209, 304; *Holmes v. Braidwood*, 82 Mo. 610, 617; *Walker v. Owen*, 79 Mo. 563, 567; *Martinowsky v. Hannibal*, 35 Mo. App. 70, 78; *Bank v. Armstrong*, 92 Mo. 255, 279. (5) The appellants complained of the expression, "the present condition of his leg," used in the eighth instruction. That expression was in the instruction when in this court before and was not found to be faulty by this court. *Carpenter v. McDavitt, supra; Sherwood v. Railroad*, 33 S. W. Rep. (Mo.) 774, 777. (6) Plaintiff's ninth instruction on the measure of damages is correct and is the law of this case. *Carpenter v. McDavitt*, 53 Mo. App. 402, 403. Appellant's strictures upon said ninth instruction are wholly hypercritical; the product of ingenious metaphysical distortion of plain language addressed to plain, sensible men who are presumed to interpret it with an ordinary common sense meaning and not in the light of dialectic criticism. The jury are honest men of common sense in earnest pursuit of the truth and will so understand the charge of the court and not distort it as a trained expert in critical gymnastics. *Boettger v. Scherpe*, 124 Mo. 87. (7) The verdict is not excessive but quite conservative. *Allen v. City*, 61 Mo. App. 270, 274; *Hanlon v. Railroad*, 104 Mo. 381; *Voegels v. Marble Co.*, 56 Mo. App. 678. (8) The judgment is for the right party and should be affirmed. This court will "not sacrifice the ends of justice upon the sharp edge of technicality" as it may

be made to appear in the dialectical light of the astute and ingenious counsel. *Sherwood v. Railroad*, 33 S. W. Rep. (Mo.) 774, 776, and cases cited; *Fox v. Winders*, 127 Mo. 502.

GILL, J.—In May, 1889, plaintiff's leg was broken and he employed the defendants, who were practicing physicians and surgeons, to attend him professionally. Bad results followed and plaintiff brought this action for malpractice. At the first trial, plaintiff recovered a judgment for $2,000, which, on appeal to this court, was reversed and remanded because of error at the trial, 53 Mo. App. 393. On a second trial in the circuit court plaintiff had a verdict and judgment for $1,500, and defendants have prosecuted a second appeal.

When the case was here before it was reversed and remanded for a new trial, because of the too general character of the instruction on the measure of damages. It was, however, suggested that some other instructions were not as specific as they should be. But, as already stated, the material error that prompted our action was the failure of the trial court to point out the elements of damage to be considered by the jury in fixing the amount of the verdict. The other instructions were in the main approved.

On the record as now presented, we find the instructions substantially the same as at the first trial, except some slight modifications made to meet the views of this court relating to instructions numbered 1, 2, and 3, and except, further, that the instruction as to the measure of damages contains a recital of various elements of damages proper to be considered by the jury.

It is now the well settled rule that when a cause is appealed the second time, questions of law decided at the former hearing will be considered as no longer open

to dispute in that case, but will be considered *res adjudicata*. If then the court has at the last trial substantially followed the course marked out in the former opinion, then this litigation must be treated as concluded. We think the case was substantially so tried and it is our duty to affirm the judgment.

In the ninth instruction relating to the measure of damages, some expressions are used which were, perhaps, improper; at least, they were beyond the limits of our former opinion. For example, the jury was told to consider as an element of damage, the ability of the plaintiff to labor and attend to his affairs and to pursue the *course of life he had marked out for himself* and might otherwise pursue; and also his situation and condition in life or *society*. The use of these italicized words were unnecessary and perhaps improper. But under the facts of this case, we think the error was so unsubstantial and manifestly harmless that we ought not to reverse the judgment for that reason.

The abstracts contain mere excerpts of the testimony; there is no pretense of embodying therein the entire evidence, and hence we can not consider the points suggested relating to the sufficiency of the evidence to make a case for the plaintiff, or that there was or was not evidence of this or that fact upon which certain instructions were predicated.

Neither can we condemn the verdict on the alleged ground of excessive damages. If defendants are responsible for the condition of the plaintiff's leg (and the jury so found) then the sum of $1,500 does not appear an unreasonable compensation. The court and jury had the young man before them; their opportunities for observation were superior to ours and we must therefore yield largely to their judgment and finding. The verdict at the first trial was for $2,000. Judgment affirmed. All concur.