Fowler v. Burris.

Mo. App. 555, 128 S. W. 204. For this reason I ask that the cause be certified to the Supreme Court for final determination.

---

.

---

MARY FOWLER, Respondent, v. LEVI BURRIS, Appellant.

**Springfield Court of Appeals, December 12, 1914.**

1. **DAMAGES: Action Against Surgeon for Malpractice: Pleadings: Allegations as to Financial Condition of Parties: Not Proper, When.** Action against a surgeon for malpractice. No punitive damages were claimed. Allegations in the petition as to the financial condition, poverty or wealth of either party are improper.

2. **PHYSICIAN AND SURGEON: Skill and Care Required.** It is not sufficient that a physician or surgeon possess ordinary skill and that he use proper and approved methods and appliances in treating patients generally but in treating any particular case he must in that case use proper methods and put in practice his reasonable skill and diligence.

3. **INSTRUCTIONS: Physician and Surgeon: Malpractice: Erroneous Instruction on Measure of Damages.** Action against surgeon for malpractice. An instruction on measure of damages is examined and considered erroneous because it charged defendant with liability for the results of the original accident which caused the injury as well as for his own negligent treatment.

4. **————: ————: Malpractice: Measure of Damages.** Action against surgeon for malpractice in negligently treating plaintiff's dislocated and broken wrist. The surgeon could be held only for increased injury, and pain of mind and body, if any, which may have resulted from his negligent method of treatment together with the impairment of the use of the arm because thereof.

5. **————: ————: ————: Degree of Care.** An instruction for plaintiff in an action against a surgeon for malpractice examined and considered erroneous, because it required too high a degree of care and because the language thereof was not clear nor accurate.

Appeal from Stoddard County Circuit Court.—*Hon. W. S. C. Walker*, Judge.

REVERSED AND REMANDED.

*Wammack & Welborn* and *E. F. Williamson* for appellant.

(1) The law requires a physician in treating an injury to exercise only such care and skillfulness as ordinarily careful and skillful physicians exercise, under the same circumstances. Murdock v. Kimberlain, 23 Mo. App. 523; West v. Martin, 31 Mo. 375. (2) Respondent's instruction number 4, is erroneous, because it directs the jury to compensate the respondent for her injury and for the pain of body and anguish of mind that she has suffered and will suffer because of her injury. The respondent should be compensated only for the damages occasioned her by the neglect and unskillfulness, if any, of the appellant. Carpenter v. McDavid & Cottingham, 53 Mo. App. 393.

No appearance for respondent.

STURGIS, J.—This is a suit for malpractice on the part of the defendant, a physician. The petition alleges that the plaintiff accidentally fell and broke and dislocated the bones of her left wrist; that she employed the defendant, a practicing physician, to set, heal and otherwise treat her said injury, which employment the defendant accepted; that defendant did not exercise ordinary skill in the treatment of her injury, but, on the contrary, treated it so carelessly, negligently and unskillfully that the bones of her arm and wrist were not properly set and the dislocation reduced, and that by reason thereof her said wrist became stiff and it and her left arm remained greatly and permanently deformed and wholly useless. She

asks for $2000 damages. The answer is a general denial and sets up a special defense that plaintiff, in caring for her hand and arm after the injury complained of, was so careless and negligent as to cause any permanent injury she may have suffered; that the plaintiff failed and neglected to follow the directions given by the defendant, and that this negligence on her part and refusal to obey the directions of the defendant in the care of her arm caused the injuries she complains of.

We notice that the petition in this case alleges that the plaintiff is a "widow woman" without property or effects, a common laborer and wholly dependent upon manual labor for a living and support; and that the defendant "possesses considerable wealth." As this case will have to be retried for the errors hereafter mentioned, it is proper to state that under the issues of this case these matters are not proper allegations of the petition. There is no claim for punitive damages and we know of no case holding that, in an action for actual damages based on negligence, the question of plaintiff's poverty or defendant's wealth has any proper place either in showing defendant's negligence or as a basis for estimating plaintiff's damages. The defendant's liability for negligence or the amount of plaintiff's recovery therefor are in nowise dependent on the poverty of the plaintiff or the wealth of the defendant. This applies both to the pleadings and the evidence. By this we do not mean, however, that plaintiff might not properly prove, as showing the extent of her injury and her impaired ability to earn a living, the kind of work she has been engaged in and her inability to follow her usual occupation.

The petition in this case alleges that the defendant is a skilled physician and surgeon. The negligence complained of is that in treating plaintiff's injuries he neglected same and did not use the reasonable skill he possessed. In the case of Spain v. Burch, 169 Mo.

App. 94, 101, 154 S. W. 172, this court said that it is not sufficient that a physician possesses ordinary skill and that he use proper and approved medicines and appliances in treating a patient, but that in treating any particular case he must in that case *use* and put in practice his reasonable skill and diligence. The evidence in this case shows that the defendant only treated plaintiff's injuries once. At that time the arm was considerably swollen and the evidence tends to show that it would be difficult to determine the kind or extent of the injuries. Defendant testified that he thought that the arm was only sprained. Plaintiff's evidence shows that he stated at the time that the arm was badly fractured. There is also evidence tending to show that, in case the arm was so badly swollen at the time the physician first examined it that he could not tell whether the arm was merely sprained or the bones fractured, ordinary skill and prudence would require him to dress the arm temporarily and again examine it and give proper treatment a few days later after the swelling had gone down. There is a conflict in the evidence as to whether defendant gave directions to plaintiff to report the condition of the arm in a few days so that defendant could, if necessary, give the same further treatment. He states that he expected the plaintiff to come to his office for further treatment; but there is other evidence to the effect that he gave no directions for her to do so, but, on the contrary, said that his first treatment was all that was necessary. The evidence is also conflicting as to whether the splints used by the defendant in setting the arm and keeping it in position so as to prevent deformity were such as an ordinarily skillful physician would use. The defendant, however, does not complain that there is not sufficient evidence to take the case to the jury.

On the measure of damages, the court gave the following instruction: "The court instructs you, gentlemen, that, if your verdict shall be for the plaintiff,

then, in estimating the amount of damage you will award her, you should take into consideration the character and extent of her injury (if any) whether said injury is permanent; the pain of body and anguish of mind she has suffered, if any, and the pain of body and anguish of mind she will suffer in the future, if any, on account of said injury, and the impairment of her earning capacity, if any, since the — day of May, 1912, on account of said injury, together with all the other facts and circumstances in the case, and assess her damages at such sum as will reasonably compensate her therefor, not to exceed the sum of $2000, prayed for in the petition.'' It will be noticed that this instruction proceeds on the theory that plaintiff should be awarded damages for her entire injury and the physical pain and mental anguish resulting therefrom and holds defendant accountable for all impairment of her earning power, provided the jury finds for the plaintiff on the ground of defendant's negligence in treating the injury. The evidence in this case shows and common sense teaches us that a broken arm is itself a serious injury regardless of the way in which it is treated by the attending physician, and that it necessarily results in much bodily pain and mental anguish and that it takes considerable time for the injured member to regain its normal strength and efficiency, and that in many, if not most cases, the injury is more or less permanent and the usefulness of the arm impaired even with skillful surgical treatment. The attending surgeon, therefore, cannot be held liable for all the damages growing out of the injury. He is not responsible for the original injury and its usual and natural consequences with proper treatment. It would be proper for the jury to be told that in estimating the amount of damages they should not take into account the injury and pain of body and mind, or any impairment of plaintiff's strength or earning power due to the breaking of the arm, and that the defendant, if

found negligent, is only to be held in damages for any increased injury and pain of body and mind, or impairment of the use of the arm occasioned by defendant's negligence in his manner of treating the same. [Carpenter v. McDavitt & Cottingham, 53 Mo. App. 393, 403, and cases cited.]

Instruction numbered two, given for plaintiff, is also subject to criticism. This instruction requires that the care and skill a surgeon should use in his practice should be proportionate to the character of the injury he treats. We think that this is true with reference to the care and diligence which he should use in attending an injured person, but it can hardly be said that his skill should increase in proportion to the severity of the injury. One's skill is a matter of slow growth and cannot be increased on short notice. We think also that this instruction requires too great a degree of skill and diligence in treating an injury to say that this should be proportionate to the character of the injury "within the limits of all ordinary skill and knowledge." The language of this instruction is not clear nor accurate and it is apt to be misleading to a jury.

Other minor errors are complained of which are not likely to occur at another trial. It results that this cause must be reversed and remanded.

*Robertson, P. J.,* and *Farrington, J.,* concur.