Long v. Dismer and McEntee.

---

LONG v. DISMER AND McENTEE, *Appellants.*

**Appeal:** SUPERSEDEAS BOND.    The statute is express that in cases where an appeal bond is required before the order granting the appeal shall stay execution, the bond must be filed during the term at which the judgment is rendered.    A bond filed in vacation, though in pursuance of an order made at the term, will be of no effect.

*Appeal from Phelps Circuit Court.* — HON. V. B. HILL, Judge.

AFFIRMED.

*L. F. Parker* for appellants.

HENRY, J.—Long obtained a judgment against defendants in the Phelps circuit court, from which they prosecuted an appeal to this court.    See 71 Mo. 452.    The circuit court made an order allowing said defendants to file their appeal bond in vacation, which was done.    Long, pending the appeal here, had an execution issued on the judgment, which defendants moved the circuit court to quash, on the ground that the allowance of the appeal and the execution of the bond operated to stay the execution.

The 12th section of the act regulating practice in civil cases, (Wag. Stat., 1059,) expressly provides, that no order allowing an appeal shall stay the execution, except when taken by an executor, administrator, guardian or curator in an action by or against him as such, unless the appellant or some responsible person for him, with two sufficient securities, to be approved by the court, shall, during the term at which the judgment appealed from was rendered enter into a recognizance, etc.    The bond here was not filed

during the term at which the judgment was rendered. The order allowing it to be filed in vacation does not appear to have been made with the consent of the opposite party, and if such consent had beeen given, it could not have given the effect of a supersedeas to the order allowing the appeal. The circuit court properly refused to quash the execution, and its judgment is affirmed. All concur.