JULIAN, *Administrator*, v. ROGERS, *Administrator, et al., Appellants.*

1.  **Evidence**: STATUTE. No instrument of writing executed by a person since deceased can, under Revised Statutes, section 3654, be received in evidence in a suit against the administrator of the deceased without proof of its execution.

2.  **Appeal Bond, Validity of.** An appeal bond taken and approved

by the clerk in vacation possesses none of the elements of legal validity.

*Appeal from Jasper Circuit Court.*—A. L. THOMAS, EsQ., Special Judge.

REVERSED.

*John O'Day* for appellants.

(1) The statute prescribes the time when and manner of taking an appeal, and granting bond to stay execution. Where the statutory requirements are not complied with, and the bond is not filed within the time prescribed by the statute and approved by the court, it is a nullity. *Adams v. Wilson*, 10 Mo. 341; *Cockrell v. Owens*, 10 Mo. 287; *Filley v. Walls*, 4 Mo. 271; *Parker v. H. & St. J. R. R. Co.*, 44 Mo. 415; *Stavely v. Kunkel*, 27 Mo. 422; *Long v. Dismer*, 72 Mo. 655; *O'Reilly v. Edrington*, 96 U. S. 724; *Garrett v. Rogers et al.*, 52 Mo. 145; *Barrett v. Lynch*, 3 Mo. 369. (2) The statute fixes the time of granting an appeal and approving a bond, and if not done at the time the power of the court over the matter is determined, and its action beyond the time is void. R. S., sec. 3713; *State v. Woodson*, 41 Mo. 227; *Stebed v. Stock*, 31 Mo. 456; *McCoy v. Zane*, 65 Mo. 11; *K. C., St. J. & C. B. R. R. Co. v. Campbell*, 62 Mo. 585; *Wood v. Boots*, 60 Mo. 546; *Ells v. Pacific Railroad Co.*, 51 Mo. 200; *Neal v. Pittsburg & Connellsville Railroad Co.*, 31 Pa. St. 19; *The City of Lafayette v. Schultz et al.*, 44 Ind. 97; *Jones v. Inhabitants of Oxford County*, 45 Me. 419; *Long v. Dismer*, 72 Mo. 655. (3) The court erred in admitting the bond in evidence without proof of the signature of Joseph Seligman, deceased. R. S., sec. 3654.

*J. C. Cravens* for respondent.

(1) The answer not containing the requisite statutory

plea of *non est factum* as to the execution of the bond sued on, the objection that the bond is not under seal comes too late. * * * "As the defendant's answer was not verified by affidavit it amounted to a confession that the bond was duly executed, that is, that it was properly sealed and delivered. Under the pleadings it was not necessary to produce the bond in evidence at all; and, therefore, it is not properly before this court for any purpose." R. S. 1879, secs. 3653, 663, 2313-14; *State to use Early v. Chamberlain*, 54 Mo. 338. (2) Although the bond or recognizance sued on may not have been operative as a *supersedeas*—if the obligee, Bray, had been disposed to sue out his execution—yet it was manifestly contemplated by both the obligee and obligor in said instrument, that it should have that effect, and it seems that it did have that effect, as no execution was ever sued out. Hence the defendants in this action, by the plainest principles of right and justice, are estopped from denying their liability by reason of the bond having been filed by consent of parties out of time. *Hundly v. Filbert*, 73 Mo. 34; *Jewett v. Torny*, 11 Mass. 219 ; *Price v. Kennedy*, 16 La. Ann. 78. The instrument sued on is good as a simple contract. There is no pretense, either by way of plea, in the answer or otherwise, that this obligation was without consideration. Our law implies a sufficient consideration. R. S., sec. 663 ; *Sweetzer v. Hay*, 2 Gray, 52 ; *Koons v. Seward*, 8 Watts, 389 ; *Justices v. Ennis*, 5 Ga. 569 ; *Crawford v. Howard*, 9 Ga. 314.

SHERWOOD, J.—Action on what is termed an appeal bond given by Seligman, in his lifetime, and Cassill, one of the present defendants. This bond was given in the case of *Bray v. Seligman*, 75 Mo. 31. Seligman, the defendant in that case, as well as Bray, the plaintiff therein, died while the appeal taken by Seligman was pending in this court, said appeal being taken from an order of th

Jasper circuit court, based on a motion awarding execution against Seligman, as one of the stockholders in the Memphis, Chattanooga & Northwestern Railroad Company. Plaintiff recovered judgment on the bond, and the defendants have appealed.

I. There was error in admitting the bond sued on in evidence over the objections of the defendant Rogers, that its execution had not been proven. While section 3653, Revised Statutes, provides that when the action is founded on an instrument in writing, executed by the *other party*, etc., its execution "shall be adjudged confessed unless the *party charged to have executed* the same deny the execution thereof by answer, etc., verified by affidavit," yet the next section, 3654, construing the section already quoted, in express terms provides: "The preceding section shall not be construed to authorize any instrument of writing to be received in evidence without proof of its execution, in any suit against an executor or administrator, or any other person representing the person charged to have executed such instrument, nor any county, city or town, sued upon any instrument alleged to have been executed by such county, city or town, or any corporate authorities."

It is clear, beyond question, that section 3653 applies to suits on instruments in writing against *living* men; but that section 3654 applies only to suits against an administrator or executor, etc., of the person charged to have executed the same. It seems very singular that counsel for plaintiff, while calling attention of this court to section 3653, where the person charged to have executed the instrument *is living and a party to the suit*, should have failed to cast his eye on the next section, 3654, *on the same page*, relating to suits against administrators, etc., of the person charged to have executed an instrument. The case of *State v. Chamberlin*, 54 Mo. 338, relates exclusively to cases provided for in section

Goldsworthy v. Johnson.

3653, *supra*, and is couched in language not readily mis understood.

II. There was error in rendering judgment on the instrument sued on, for the reason that it had none of the elements of legal validity about it, being taken and approved by the clerk in vacation. The following authorities fully sustain this position : *Adams v. Wilson*, 10 Mo. 341 ; *Cockrill v. Owen*, 10 Mo. 287 ; *Filley v. Patterson*, 4 Mo. 271 ; *Parker v. H. & St. J. R. R. Co.*, 44 Mo. 415 ; *Stavely v. Kunkel*, 27 Mo. 422 ; *Long v. Dismer*, 72 Mo. 655 ; *O'Reilly v. Edrington*, 96 U. S. 724 ; *Garnet v. Rogers*, 52 Mo. 145 ; *Barnett v. Lynch*, 3 Mo. 369.

For these reasons the judgment will be reversed, and as it is apparent that plaintiff has no ground for recovery, the cause will not be remanded.    All concur.