BANK OF MONETT, Respondent, v. E. E. MOULDER *et al.*, Appellants.

Kansas City Court of Appeals, April 17, 1893.

Action: APPEAL BOND: EVIDENCE: RECORD: PAROL. The statute requires an appeal bond filed in vacation to be approved by the clerk, and his approval to be entered thereon. Such approval is necessary to sustain an action on such bond, and must be shown by the entry thereon, which is a record, and cannot be shown by parol.

*Appeal from the Jasper Circuit Court.*—HON. M. G. McGREGOR, Judge.

REVERSED.

*Joseph French* and *Lyman W. White,* for appellants.

(1) The appellants contend that the court erred in rendering judgment on the instrument sued on, for the reason that it was not approved as required by law; that it lacked that element of legal validity; that unless so approved it is void; that it had no common-law origin—purely a creature of the statute—and must conform to its requirements. The statute prescribes who may take, and how, and when it may be taken, as well as its terms and conditions. The statute uses the terms bond and recognizance interchangeably. It is in form a recognizance—all its essential elements should affirmatively appear of record or upon its face. To be valid it must be self sufficing. The power, force and integrity of such an instrument must appear from its face Approval is one of its vital and essential elements. Revised Statutes 1889, sec. 2249. If approved by the circuit clerk he must enter his approval thereon. Revised Statutes, 1889, sec. 2256; *State ex rel. v. Dillon* 98 Mo. 90. (2) Recognizance of this sort "is unlike official bonds and instruments of that character, concerning which it has been held that though the requisites of the law under which they are taken have not been complied with, yet, being voluntary and not against the policy or provisions of any law, they are obligatory. If a recognizance is not taken within the time required by law, the very purpose for which it is entered into may be defeated. *Adams v. Wilson,* 10 Mo. 341; *Garnett v. Rodgers,* 52 Mo. 145. The recognizance is void unless approved. *Cockrill v. Owen,*

10 Mo. 287; *Julian v. Rogers*, 87 Mo. 229; Revised Statutes, 1889, secs. 2248, 2249; *State ex rel. v. Dillon*, 98 Mo. 90. (3) It must not only appear affirmatively from the record or papers that the recognizance was approved by the clerk, but also it must affirmatively appear from the record that he had authority so to do. The bond must meet and comply with the conditions of the statute. *Parker v. Railroad*, 44 Mo. 415; *O'Rielly v. Edington*, 96 U. S. 724; *Long v. Dismer*, 72 Mo. 655; *Stavely v. Kunkel*, 27 Mo. 422; *Filley v. Patterson*, 4 Mo. 271. Especially will a material omission render a contract provided by statute void. Bishop on Contracts [Enlarged Ed.] sec. 443. (4) The testimony of J. E. Hinton was inadmissible. If approved at all it must appear of record. No foundation is laid for secondary evidence. Even Hinton, the clerk, does not remember so much as deeming it sufficient—as respondents would have it.

*A. V. Darroch* and *W. Cloud*, for respondent.

In an extended argument, cited: *Adams v. Wilson*, 10 Mo. 341; *Tilley v. Patterson*, 4 Mo. 271; *Barnett v. Lynch*, 3 Mo. 369; *Garnett v. Rodgers*, 52 Mo. 145; *Long v. Dismer*, 72 Mo. 655; *Cockrill v. Owen*, 10 Mo. 287; *State v. Hockaday*, 98 Mo. 593; *Grubbs v. Comes*, 57 Mo. 83; *Baker v. Henry*, 63 Mo. 517; Revised Satutes 1889, sec. 2249; Greenleaf's Evidence, sec. 40, page 56, Revised Statutes 1889, sec. 6570.

GILL, J.—This is a suit on an appeal bond alleged to have been given in the case of the above-named plaintiff against defendant Moulder, in which there was a judgment against Moulder in the circuit court, appeal to the St. Louis Court of Appeals, judgment there affirmed; and this is an action on said appeal bond subsequently brought against Moulder and his sureties.

The bond was made and presented to the circuit clerk for his approval in vacation; and the defense was that said clerk never approved the bond, and hence it was invalid. On the trial in the court below plaintiff had judgment in its favor and the defendant's sureties appealed.

There are two points presented here for our decision, to-wit: *First.* Was it competent for plaintiff at the trial to introduce parol evidence to show that the circuit clerk did approve the bond in suit? And, *second*, was there even any substantial evidence, parol or otherwise, tending to prove that fact. We deem it unnecessary to discuss the last question, since our views of the former dispose of the case.

Prior to the act of 1885 (Laws of 1885, p. 216) there was no authority in the circuit clerk to take and approve appeal bonds in vacation. It was then that the old section 3713 of the practice act was amended. As amended it stands now as section 2249, Revision of 1889. The purpose of the section is to prescribe a bond or recognizance to be given by the appellant so as to stay execution while the case is carried to the appellate court. It formerly provided that the recognizance should be entered into and approved by the court during term time. This amendment however was added in 1885, to-wit: "Provided, however, that the court may at the time of granting an appeal, by order of record, fix the amount of the appeal bond and allow appellant time in vacation, not exceeding ten days, to file the same, subject to the approval of the clerk, and such appeal bond, approved by the clerk and filed within the time specified in such order, shall have the effect to stay the execution thereafter, etc."

Along now with the provision for the giving and approval of an appeal bond, before and since the amendment, the following section has had its place in

the same chapter: "Sec. 2256. The court, judge or clerk taking such recognizance shall fix the amount or sum in which it shall be taken, approve the same *and enter the approval thereon.*"

In the light of the foregoing statute the way is made clear for an appellant when he desires to stay execution during the appeal proceedings. If unable to secure his appeal bond in time for the approval by the court during the term, the court may by order of record extend the time into vacation of the court (not exceeding ten days) when the clerk of the court may receive the bond, pass on the sufficiency and his approval *shall be entered thereon.*

Now the bond in suit was lacking in one important ingredient in order to give it validity. It did not appear to have been approved by the clerk. All that can be said of it, outside the oral evidence adduced, is that it was found lodged or filed among the papers of the case. There was no indorsement thereon nor a record of any kind showing approval by the clerk. Without approval by the clerk the recognizance was ineffective for any purpose and void. *Cockrill v. Owen*, 10 Mo. 287, and cases cited; *Julian v. Rogers*, 87 Mo. 229. *Cockrill v. Owen* was an action on a recognizance for appeal from a justice of the peace, and it was not attested by the justice as the statute provided. Revised Statute 1845, sec. 4, p. 668. It was there held that such omission to attest as required by the statute rendered the recognizance void.

We are also of the opinion that this approval by the clerk can only be shown by the record, and that parol evidence thereof was not admissible. The rule is well settled that, wherever a statute requires that a record be kept, then the record is the only proper evidence of the fact. 1 Greenleaf on Evidence [14 Ed.] sec. 86; 1 Wharton on Evidence, sec. 65.

The clear intent of the statute requires the approval by the clerk in vacation to be evidenced by a writing to that effect indorsed on the appeal bond. Sec. 2256, *supra*. Such indorsement when made is part of the record just as other entries in the case.

The court then erred in admitting oral evidence to prove a fact which can only be shown by a record. And since there was no legal evidence to show an approval of the bond in suit, then manifestly no case was made, and the defendants were illegally held.

Judgment reversed. All concur.