WERCKMANN et al., Respondents, v. TAYLOR, Appellant.

St. Louis Court of Appeals, May 2, 1905.

PRACTICE: Revoking Order Granting Appeal: Jurisdiction. A circuit court has power to revoke an order granting an appeal during the term at which the order is made.

Appeal from St. Louis City Circuit Court.—*Hon. Walter B. Douglas*, Judge.

AFFIRMED.

*Campbell & Thompson* for appellant.

*Wm. H. Clopton* for respondents.

GOODE, J.—Plaintiffs, Caroline Werckmann and
Rose L. Downey, are the children and residuary devisees
of George C. Werckmann, deceased. Joseph F. Downey
is the husband of Rose L. Downey. Said George C.
Werckmann died testate in the city of St. Louis in Octo-
ber, 1899, having appointed the defendant, William H.
Taylor, executor. The will devised to his two daughters
(plaintiffs) two houses and lots on South Broadway in
the city of St. Louis; Numbers 3942, 3944. For two
years or more after he qualified as executor, the defend-
ant attended to the collection of the rents of said proper-
ties; he states, by the direction and authority of the de-
visees (plaintiffs); but they say with their consent for
the first year and against their will for the second year.
He gave a statement to the devisees January 27, 1902,
showing that he had collected rent to the amount of
$2,094.55 and had credited himself with $1,004.95, in part
disbursed for expenses incurred in caring for the prop-
erty, paying taxes and other items, and in part retained
for his own compensation. This left a balance of
$1,089.60 due the two daughters as devisees and owners
of the premises. His statement also showed he had paid
each of said parties $544.80 in cash, thus balancing the
account. The disputed items of the account are these:
Plaintiffs say the defendant charged them with $118.42,
general and specific taxes on the premises for the year
1900, and deducted that sum from the rents, when in
truth he had paid said taxes as executor out of the gen-
eral assets of the estate and taken credit for the pay-
ment in his final settlement as executor. If this was
true and the defendant was allowed to deduct the sum
paid for taxes from the rent collected, he would receive
two credits for the same disbursement. The latter
credit would be erroneous, because he paid the taxes
out of the assets in his hands as executor and not out of
the rents collected as agent for the two daughters. De-
fendant retained $200 out of the rents collected, for
which sum he gave himself credit in his statement, des-

ignating it as compensation for "fees, advice and ser-
vices." The plaintiffs contest this credit, asserting that
they never employed the defendant to give advice or
render any service except as executor and for which he
would be paid by his commissions as executor. It is to
be remembered that this is not a controversy over a set-
tlement in the probate court, but over a private account
between the plaintiffs and the defendant as their agent.
The defendant is in the fire insurance business and is
secretary of the Odd Fellows Hall Company; but he
testified that he was familiar with the law and especially
with probate practice. The advice he gave as stated by
himself, was of a business nature—instructing the two
daughters how to manage their affairs after their father
died. He swore they were very ignorant of business,
and begged him to take charge of their affairs, promising
to pay him reasonable compensation. The deceased
father of the plaintiffs left two sons who were practi-
cally disinherited in favor of the daughters, and this
circumstance engendered a great deal of family bitter-
ness. The defendant said he gave the daughters advice
about their dispute with their brothers, about the title
to a bond left by their mother, and a case in the police
court growing out of an assault and battery committed
by the brothers on the sisters. In short, the advice for
which he claimed compensation was instruction regard-
ing business matters and family troubles. The services
for which he claimed payment and the right to retain
the two hundred dollars, were helping the daughters
find a house to live in, driving them around in his buggy
while looking for a house, buying a cooking range for
them, getting an asbestos back for the range, and simi-
lar matters; we cannot recite them all. The third item
in dispute is the sum of $104.73 retained by defendant as
commission on the rents collected by him; that is, five
per cent of the amount collected. The contention of the
plaintiffs was that he had no right to retain that sum, or
all of it; as he acted against their will in collecting the

rent during the second year, and agreed to do so gratuit-
ously.

The answer accords with the above statement. It
alleges that Caroline Werckmann and Rose L. Downey,
on account of their ignorance of business matters and
methods, employed the defendant to give them advice
and look after their affairs, promising him liberal com-
pensation and that the services and advice of the defend-
ant were reasonably worth $200. Another paragraph
of the answer pleads that on January 27, 1902, defend-
ant rendered an account to his two principals or clients,
showing the amount of rents collected, his charges in the
way of commissions and for advice and services, and
that they assented to the compensation he had credited
himself with and said his account was perfectly satisfac-
tory, after they had gone over the same, item by item.
Besides those defenses the answer pleaded two counter-
claims, one against each of the daughters for the sum of
$24.30. These counterclaims were founded on an alleg-
ation that on January 27, 1902, when the supposed ac-
count stated was rendered and assented to, defendant
paid to each of his principals the sum of $569.10; for the
balance due her undivided half interest in the rents col-
lected by the defendant; whereas, the true balance going
to each principal was $554.80; that the excess of $24.30
was paid by mistake. Judgment was prayed for it. In
support of the counterclaim the defendant testified that
he was in the habit of giving the women small sums of
money, ranging from five to twenty dollars, whenever
they asked for it, and having failed to keep an accu-
rate account of the sums thus paid at different dates,
he inadvertently overpaid them in the final settlement
of accounts.

The case was tried without a jury. At the conclu-
sion of the evidence the court passed on certain decla-
rations of law and rendered judgment for the plaintiffs
for the $200 retained by the defendant as commissions
for his advice and services, but disallowed their demand

for the sum retained by him as commissions on the rent collected and the sum they alleged he had credited himself with twice, once as executor and once in his private capacity. The court found against the defendant on the two counterclaims.

Complaint is made of the mode of procedure followed in disposing of the counterclaims. The first judgment in the case was entered June 11, 1904. By mistake the court made no finding and entered no judgment on the counterclaims that day.

Motions for a new trial and in arrest of judgment were filed by the defendant, which were overruled July 5, 1904. On July 20, 1904, the defendant filed his affidavit for an appeal to this court and on that day the court granted the appeal. Afterwards on August 9, 1904, during the same term, the circuit court set aside its order granting an appeal and entered judgment in plaintiffs' favor on the counterclaims. To this ruling the defendant at the time objected and excepted. Thereafter on August 9, 1904, the circuit court again entered an order granting the defendant an appeal to this court.

The controversy on this appeal is confined to the item of $200 retained by the defendant as pay for his advice and services; because that was the only item on which the court below ruled against the defendant (appellant). There was a square conflict of testimony as to whether the defendant was employed by the two women to give advice or render services in connection with their affairs. The women contended that defendant was not engaged to collect the rents and was entitled to no commission on the collection, at least for the second year. This issue the court decided against them. But as to defendant's right to compensation for services and advice he found in their favor; and as the testimony was contradictory the finding must be accepted as settling the facts. The court gave two declarations of law bearing on that part of the case. One declaration

was that in order for the defendant  to maintain his claim  it must  appear  the plaintiffs employed him to give advice and render services, and  that, pursuant to such employment, the defendant  gave  advice and rendered services reasonably woth $200.  The other declaration dealt with the stated account alleged to  have been rendered by the defendant to the two women and  approved by them.  The court declared that if the defendant called at the plaintiffs' residence for the  purpose of settling his account, and submitted the account offered in evidence, and if plaintiffs and  defendant went over said account, and plaintiffs knew  defendant had charged them for advice and services  and agreed that said charges were satisfactory and the account correct, then the plaintiffs  were not entitled to recover, so far as that part of their demand was concerned.  The  latter instruction  was given at defendant's instance and, of course, he cannot complain of it.  Besides, it is correct.  The first one  was given at  the instance  of the plaintiffs and, we think, is sound law.

The transcript of the judgment in this  case shows a judgment in  plaintiffs' favor for $200 entered June 7, 1904.  The entry contains no reference to the counterclaims.  It is recited in  the defendant's abstract of the record that  the court revoked the first order allowing an appeal  to this court and  on August 9, entered judgment on  the counterclaims.  The contention of the defendant's counsel is that the court was without jurisdiction to  do  this, because when it allowed the appeal, the jurisdiction of the cause vested at once in this court. This proposition is true in a sense; but not  in the sense that the circuit court had no  power to  revoke an improvident order during  the term at which  it was made. The circuit court could do  no act in the case so long as its order granting the appeal stood unrevoked. [State v. Musick, 7 Mo. App. 597.]  But  the court had power to set aside, during  the term, the order allowing the appeal.  [Oberkoetter  v. Luebbering, 4  Mo. App. 481.]

Doubtless this rule would be modified to the extent of not allowing such an order to be revoked if rights of third parties had attached meanwhile; conceding that such a thing can happen. The effect of granting an appeal on the jurisdiction of the court which makes the order, is like the effect of granting a change of venue on the jurisdiction of the court which grants the change. An order for a change of venue confers jurisdiction on the court to which the case is sent. [State v. Duesenberry, 112 Mo. 277, 20 S. W. 461.] Nevertheless, the court which awards the change retains sufficient jurisdiction to revoke the order at the same term. [State v. Webb, 74 Mo. 333; Colvin v. Six, 79 Mo. 198; State v. Bragg, 63 Mo. App. 22.] There may be some theoretical difficulty about this rule, but it is established in this state. In State v. Webb, the Supreme Court said the rule that after a change of venue is granted, the jurisdiction of the cause is lost to the court awarding the change, is to be understood as prevailing only while the order for the change remains in force; that the awarding court has power to correct its order for a new venue as much as it has power to correct any other during the term when it was made.

What, possibly, was an erroneous procedure in this matter was not the revocation of the order allowing the appeal and entering judgment on the counterclaims, but failing to set aside the original judgment and enter a single judgment, both on the plaintiff's cause of action and on the counterclaims. There ought to be one final judgment in a case. However, no error was assigned in relation to this point.

The judgment is affirmed. All concur.