THE STATE OF MISSOURI, Respondent, v. L. F. BIESEMEYER, Appellant.

Kansas City Court of Appeals, May 3, 1909.

CRIMINAL PROSECUTION: Setting Aside Appeal: New Information: New Trial: Notice. Defendant was tried and convicted and perfected an appeal and was discharged on bond. Thereafter at the same term and without notice the order granting the appeal was set aside and the case set down to be tried at a later day in the term. Then a *nollo prosequi* was entered, new information filed and defendant was tried and again covicted, notwithstanding his plea of former conviction, etc., *Held*:

(1) The appeal deprived the lower court of jurisdiction and placed the case in the appellate court.

(2) That the appeal could not be set aside without notice to the defendant.

(3) That after an appeal is perfected the appellant cannot be deprived of the rights to which the record shows he is entitled, though possibly the appeal can be set aside and the appellant subjected to the judgment which the record may warrant.

(4) After the case is disposed of the party is not supposed to be in court without notice of the special matter to be investigated.

Appeal from Osage Circuit Court.—*Hon. Wm. D. Davis,* Judge.

DEFENDANT DISCHARGED.

*Pope & Vaughan, Monroe & Zevely* and *J. W. Vosholl* for appellant.

(1) The plea in abatement should have been sustained. There was no answer to it. The facts stated in the plea stood admitted. Rodney v. Gibbs, 184 Mo. 1; Walter Commission Co. v. Gilliland, 98 Mo. App. 584; Coberly v. Coberly, 189 Mo. 9; Courtney v. Fidelity & Mutual Aid Ass'n, 120 Mo. App. 117. (2) Defendant having been convicted for the same offense and an appeal granted at the same term, the court without the consent of defendant, could not set aside the judgment in that case so as to try and convict him for the same offense on a new information. Burdette v. Dale, 95 Mo. App. 511; Rodney v. Gibbs, 184 Mo. 1; Piano Co. v. Gibbons, 96 Mo. App. 218; Kehler v. Walls, 118 Mo. App. 384; Donnell v. Wright, 199 Mo. 313. (3) In above cause the defendant submits the following other authorities: Ladd v. Couzins, 35 Mo. 515; DeKalb County v. Hixon, 44 Mo. 342; Bank v. Allen, 68 Mo. 476; Burgess v. O'Donaghue, 90 Mo. 301; Ross v. Railway, 141 Mo. 397; In re Petition of Gardner, 41 Mo. App. 600; Sublette v. Railroad, 66 Mo. App. 334, to which the attention of the court is particularly called, as it is in all essentials a parallel to case No. 23.

*John P. Peters* for respondent; *W. E. Owen* of counsel.

(1) The court committed no error in vacating the order granting the appeal and all other proceedings had in said cause; no plea had been entered, no issue was joined; there was nothing to appeal from. It was an appeal improvidently granted, and the trial court acted.

in furtherance of justice (especially towards defendant) in setting it aside. Oberkoetter v. Luebbering, 4 Mo. App. 483; State v. Musick, 7 Mo. App. 597; Freeman & Nave v. Quarry Co., 30 Mo. App. 364; State ex rel. v. Ashbrook, 38 Mo. App. 279; Werckmann v. Taylor, 112 Mo. App. 370, and cases cited. (2)   The order granting the appeal was a judgment, and could be set aside at any time during the term.   A court's power over its judgments is one of its common law powers, and its judgments are, until the end of the term at which rendered, "In the breast of the court."   94 Mo. 144; Freeman on Judgments, sec. 90; 149 Mo. 14, and cases therein cited.   (3) · The court had a perfect right to reset the cause for trial, and in so doing, in substance, sustained the motion for a new trial.   (4)   The plea of *autrefois convict* was properly overruled.   The first proceeding was not, in legal contemplation, a trial; there was no jeopardy, because there was no plea and no issue joined. State v. Barnes, 59 Mo. 154; Laws of Missouri 1905, sections 8532, 8534, pages 216, 217.

ELLISON, J.—On information by the prosecuting attorney of Osage county the defendant was convicted in the circuit court for practicing dentistry without procuring a license as required by Laws 1905, p. 217.   In due time he filed a motion for new trial and in arrest of judgment.   These motions were overruled and thereupon he, in due form, applied for an appeal to this court, which was granted and he was released on a proper bond. Several days afterwards, but during the same term, it seems the trial court discovered that defendant had not been arraigned and thereupon, without any notice to him, set aside the order granting him his appeal and set the case down to be tried on June 18th, a day of the same term.   On that day the prosecuting attorney entered a *nolle prosequi* and then filed a new information for the same offense.   Defendant was again put upon trial and again convicted.   He made due plea of his former convic-

tion and appeal. These were overruled. Again he appealed to this court, the latter being the appeal before us.

The law seems well settled that while a record may be corrected by the trial court after an appeal has been granted, yet the appeal itself is pending in the appellate court from the time of its being granted, and the jurisdiction of the case is with the appellate court. [Ladd v. Couzins, 35 Mo. 1. c. 515; DeKalb Co. v. Hixon, 44 Mo. 1. c. 342; Ross v. Railway, 141 Mo. 397; Sublette v. Railway, 66 Mo. App. 1. c. 334.

The St. Louis Court of Appeals, in Werckmann v. Taylor, 112 Mo. App. 365, decided that while the appeal vested jurisdiction of the case in the appellate court, yet that was only true so long as the order granting the appeal remained in force, and that the trial court had authority during the term to set aside the order and thus annul the appeal. But it seems to us that question is not for decision in this case from the fact that the order here made was made without notice to defendant. When he was granted his appeal and had given his bond and was discharged, he had a right to assume that no further steps would be taken in the case without notice to him. It was not a matter in which he had no part or interest or right to be heard. An appeal may be from a trial in which the defendant may have the right to demand a judgment that he is not guilty, or that he is not liable to the action, if a civil suit. The mere mention will suggest the many things in a record which are of such vital interest to a party as that they will entitle him to an absolute discharge. If then the court or appellee may, without notice to him, set aside his appeal for some technical cause (in this case that he had not pleaded to the information) and then by amendment, or, as here, by a new proceeding, again bring him to trial, they can grant a new trial or non-suit in a manner altogether new. If such practice can be indulged, an appellee who finds a record upon which the appellant is properly entitled to

a final acquittance at the direction of the appellate court, can have the order of appeal set aside and a new trial granted, or a new action instituted, so that he may by different procedure, or by additional evidence, make another attempt to develop a case. It seems to us the practice would be revolution of the established order of procedure.

When one has taken his appeal from the judgment against him, whether for murder or for debt, he cannot be deprived of the rights to which the record shows he is entitled. It may be that the order of appeal can be set aside and the appellant be then given whatever judgment the record shows he should have had *on that record,* whether that be merely a new trial for error, or a final discharge.

But all this shows the absolute necessity of notice to the appellant so that he may protect himself in these vital particulars. "It is a cardinal principal that whenever a party's rights are to be affected by a summary proceeding, or motion in court, that party should be notified, in order that he may appear for his own protection." [George v. Middough, 62 Mo. 549; Rich Hill Mining Co. v. Neptune, 19 Mo. App. 438; Wickham v. Page, 49 Mo. 526, 529; Laughlin v. Fairbanks, 8 Mo. 367.] It is true that during the progress of a case after a party has been duly arrested or summoned he is presumed to be in court and only such notice of different steps is necessary as the rules of court may prescribe. But, as is said in the case last cited, "No such presumption can arise after the case is disposed of . . . In every case, therefore, of a special motion, unless there has been an express or implied waiver of notice, the want of such notice would, of itself, be sufficient to vitiate the proceedings."

We think the defendant's objections to the second trial should have been sustained, and the judgment will be reversed and he will be discharged. All concur.