STATE ex rel. SARAH I. BAMBERGE, Relator, v. CHARLES R. GRAVES, Respondent.

St. Louis Court of Appeals, March 8, 1910.

1. **APPEALS: Supersedeas Bond: Fixing Amount After Trial Term.** Where the court at a term subsequent to the one when an appeal was allowed had power to approve the bond, such approval was equivalent to fixing the amount of the bond at the former term and supplied the omission to do so when the appeal was allowed.

2. ———: ———: **Approval by Clerk.** Under section 809, Revised Statutes 1899, which provides the court may, on granting an appeal, fix the amount of the appeal bond and allow appellant time in vacation not exceeding ten days to file the same, subject to the approval of the clerk, the clerk has power to approve an appeal bond in vacation of court only.

3. ———: ———: ———: **Courts: Vacation.** Where a term of court ends on Saturday and court adjourns over Sunday, which is not a juridical day, to Monday, the beginning of a new term, there is no "vacation" of court so as to authorize the clerk to approve an appeal bond under section 809, Revised Statutes 1899.

4. ———: ———: ———: **Sunday.** The clerk has no right to approve an appeal bond on Sunday.

5. ———: ———: **Approval by Court at Subsequent Term.** Where, under section 809, Revised Statutes 1899, an appellant is granted ten days in which to file an appeal bond and the time thus granted carries over into the next regular term, it becomes the power and duty of the court during the latter term and within the ten days to take and approve the appeal bond.

State ex rel. v. Graves.

Original Proceeding by Mandamus.

WRIT DENIED.

*J. F. Merryman* for relator.

(1) Mandamus is the proper and the only remedy. State ex rel. Wolff v. Vogel, 6 Mo. App. 526. Mandamus will lie to compel a circuit clerk to issue execution where he has wrongfully refused to do so. Wolff v. Vogel, supra; State ex rel. v. Renick, 157 Mo. 292. (2) Neither the court nor the clerk had the power under the order issued at the December term on the 27th day of January, 1910, to approve any bond in said cause after the expiration of the December term. The court cannot justify its actions in approving the bond in the cause at bar under section 816 after adjournment of the term for reasons stated aforesaid and because section 816 refers not only to section 809, but to section 810 in which it is provided under certain circumstances wherein judges of the Supreme Court or court of appeals may grant an appeal and also to section 815 stating the effect of a recognizance, but section 816 is mandatory, in that it says: "That the court shall fix the amount or sum in which it shall be taken, therefore, the authority for a judge to approve a bond in vacation or after the adjournment of the term must be found in the amendment of section 809 in 1885. If the amendment of 1885 grants to the judge of the court power to approve the bond in the cause at bar under its order of January 27th, then the bond is valid and relator should not have a peremptory writ of mandamus. The word may in the clause "that the court may at the time of granting" means shall. State ex rel. v. King, 136 Mo. 318; Steins v. Franklin County, 48 Mo. 178, quoting from the Newberg Turnpike Co. v. Miller, 15 Johns Chy. 113; 42 Mo. 171; 48 Mo. 167; 72 Mo. 443. In the construction of statutes, the word may should be construed to mean

shall where substantial rights are involved.   Ellison v. Rawlston, 19 Mo. App. 537.   The amendment of 1885 should therefore be construed to read, "that the court shall at the time of granting an appeal by order of record fix the amount of the appeal bond."   It therefore follows from the Dillon case (98 Mo. 93) and from the authorities cited above construing may as shall, that it was mandatory upon Judge William M. Kinsey at the December term of the court to have fixed the amount of the bond and enter it of record.   This he did not do, but made an order that the appellant had "fifteen (15) days in which to perfect and file appeal bond herein." It therefore being mandatory for him to fix the bond and enter it of record at the December term, he cannot fix it at the February term, which he did by refusing a bond in the sum of $1780 and accepting one in the sum of $2000.   The clerk alone has the power to approve a bond after the adjournment of court when an order has been properly entered giving him authority to approve.   Cockrell v. Owen, 10 Mo. 287; Julian v. Rodgers, 87 Mo. 229.

*Glendy B. Arnold* for respondent.

GOODE, J.—This opinion is delivered on an application to this court for a writ of mandamus to respondent, clerk of the circuit court of the city of St. Louis, directing him to issue an execution on a judgment recovered by relator, November 26, 1909, in Division No. 7, of said court, for the sum of $890.13, against the Supreme Tribe of Ben Hur, a corporation.   The alternative writ was waived and the case submitted on a demurrer to the petition for said writ.   The substance of the petition will appear from the recital of the facts of the controversy.   After the rendition of the judgment a motion for new trial was filed in due time, overruled January 24, 1910, one of the days of the regular December term, 1909, an affidavit for appeal filed

State ex rel. v. Graves.

January 27th and during said December term, an appeal was allowed on said day and defendant granted sixty days therefrom to file a bill of exceptions, "and also fifteen days in which to perfect and file an appeal bond herein," to quote the language of the order of record. The order allowing time in which to file the bill of exceptions and an appeal bond was, as said, entered January 27, 1910, and during the December term, 1909. That term adjourned to court in course on Saturday, February 5, 1910. The February term commenced the ensuing Monday, or February 7, 1910, and on Friday, February 11th, during said February term, and inside of ten days after the end of the December term, and of the last day of it when the appeal was allowed, the defendant, the Supreme Tribe of Ben Hur, presented in open court an appeal bond in the sum of two thousand dollars in statutory form, and the court approved it against the protest of relator. Afterwards, on February 16, 1910, during said term, relator applied to the clerk of the circuit court for an execution on her judgment against said Tribe, tendering the fee for the execution, but respondent refused to accept the fee or issue the execution. Afterwards relator applied to the circuit court for an order on the clerk to compel him to issue an execution, but the circuit court refused to make an order; whereupon relator applied to this court for a writ of mandamus. The contention for relator is the appeal bond offered by the Supreme Tribe of Ben Hur and approved by the circuit court did not operate to stay execution for these reasons: The circuit court failed to fix the amount of the appeal bond when it allowed time to defendant in the action to file the bond after the expiration of the December term, and the bond was approved after said adjournment by the court at a subsequent term, instead of by the clerk of the court as the statute provides. Prior to 1885 an appeal from a judgment of the circuit court did not stay execution unless the appellant or some responsible person for him,

together with two sufficient securities, to be approved by the court, entered into a statutory recognizance during the term at which the judgment was rendered. [R. S. 1899, sec. 809.] In 1885 the section as it then stood was amended by adding this proviso:

"Provided, however, that the court may, at the time of granting an appeal, by order of record, fix the amount of the appeal bond and allow appellant time in vacation, not exceeding ten days, to file the same, subject to the approval of the clerk, and such appeal bond, approved by the clerk and filed within the time specified in such order, shall have the effect to stay the execution thereafter, and if any execution shall have been taken prior to the filing of said bond, the same shall be released." [R. S. 1899, sec. 809.]

Before the amendment was enacted, it had been held a bond taken and approved after the adjournment of the term at which judgment was rendered, did not stay execution. [Long v. Disner, 72 Mo. 655; Julian v. Rogers, 87 Mo. 229.] In other cases it was held an appeal bond that did not comply with the statutory requirements would not operate as a supersedeas. [State ex rel. v. Vogel, 6 Mo. App. 526.] The amending statute dealt with several sections of the Practice Act relating to appeals and provided among other things, for the filing of bills of exceptions after the term at which the exceptions were taken, either in the court or with the clerk in vacation, and also for the filing of an appeal bond in vacation, not exceeding ten days after the term. [Session Acts 1885, p. 214.] Counsel for relator argues that as an appeal bond filed prior to the amendment did not stay execution unless the statutory provisions then in force were complied with, so one filed in vacation since the amendment will not stay execution, unless the amendment is strictly observed. Continuing this line of reasoning, said counsel insists no bond could be approved in vacation unless the court, at the time of granting the appeal, had fixed the amount of the

bond and allowed the appellant to file it in vacation; and even if this had been done, no one but the clerk had power to approve the bond; citing State ex rel. v. Dillon, 98 Mo. 93, 11 S. W. 255, and Bank v. Moulder, 53 Mo. App. 535. In the Dillon case it was held to be the duty of the circuit court when an appeal was allowed, to fix the amount of the bond, but held, also, if the court approved a bond of less than the statutory penalty, that is, less than double the amount of the debt, damages and costs, the bond thus approved would stay execution. Said case is no authority for the proposition that an omission by the court to fix the amount of the bond will prevent it from staying execution if taken and approved under the circumstances shown in this case; though we do not say a bond approved by the clerk in vacation pursuant to an order of the court which did not fix its amount, would suffice to stay execution. We merely hold in this connection the Dillon case is not in point. In Bank v. Moulder, the court decided an appeal bond lodged with the files of the case in vacation, we suppose pursuant to an order allowing the bond to be filed in vacation, did not become valid and effective if never approved by the clerk. Said authority is out of point and throws no light on the question before us. The bond filed by defendant, the Supreme Tribe of Ben Hur, was presented in open court and approved by the court. This action was taken at a term subsequent to the one when the appeal was allowed, and the only question of doubt is whether the court had power to approve it at the subsequent term. If it had such power, its approval was equivalent to fixing the amount of the bond and supplied the omission to do so when the appeal was allowed. This was decided in State ex rel. v. Dillon, 98 Mo. supra; American Brew. Co. v. Talbot, 135 Mo. 170, 36 S. W. 657, and State ex rel. v. Klein, 137 Mo. 673, 39 S. W. 272.

We take up next the contention that the statute authorized the approval of the bond after the term at

which the appeal was granted only by the clerk of the court and not by the court itself. Power is conferred on the clerk to approve appeal bonds only in vacation of the court, and in this instance there was no vacation; as the court adjourned from Saturday over Sunday, which was not a juridical day, to Monday, the beginning of the new term. It is true the section of the statute which provides how statutory words and phrases shall be construed, says whenever a power is given to a court, or judge thereof in vacation, or whenever any act is authorized to be done by or any power is given to a clerk of any court in vacation, the words "in vacation" shall be held to include an adjournment of court for more than one day. [R. S. 1899, sec. 4160.] Taking account of that section, we still think the clerk would have had no power to approve this bond under the proviso of section 809. Though the adjournment was for more than one day in the sense of being for more than twenty-four hours, it was not more than one day, if Sunday, a day on which a court is forbidden to sit or transact business, is excluded. [R. S. 1899, sec. 1615.] The clerk could not approve this bond on Sunday, and on Monday there was no vacation on any theory, in our judgment, because court was in session, a new term having opened. But counsel for relator says, in order to give effect to the statute, we ought to hold the vacation continued for ten days in such sense as to permit the clerk to approve the bond. We think nothing in the statute justifies such a ruling. If we should follow the reasoning of counsel and be controlled strictly by the language of the proviso, we would have to deny the court could allow a bond to be filed after the adjournment of the term in which the appeal was allowed if another term would instantly ensue. This is true because the proviso says the court, at the time of granting the appeal may allow the appellant time *in vacation* not exceeding ten days, in which to file a bond. If no vacation was to follow within which the bond could

be filed or none of ten days' length, then on the con-
struction of relator's counsel, the bare fact another
term would begin shortly after an appeal is granted,
would prevent any extension of time in the one case, or
for ten days in the other, beyond the term at which the
appeal was granted for the filing of a supersedeas bond.
A more liberal construction ought to be given to the
law and one which, instead of enforcing the letter of the
statute, will realize the purpose the Legislature had in
mind; namely, to afford appealing parties an oppor-
tunity to stay execution by filing an appeal bond within
ten days after the judgment term. Not thinking of the
chance of one regular term running up to the beginning
of another, the words of the proviso related only to a
vacation between regular terms, and during this interval
the clerk was empowered to perform an act which other-
wise and usually pertains to the court. But the clear
intention was to get rid of the previous situation in
which the bond had to be approved during the term at
which the judgment was rendered and the appeal
granted. Hence we think it is fairly to be implied from
the amendment that if the ten days which may be al-
lowed after said term will carry over into the next reg-
ular term, it becomes the power and duty of the court
during the latter term and within said ten days, to take
and approve appeal bonds. We deem the bond given by
the Supreme Tribe of Ben Hur and approved by the
court a valid one and operative as a supersedeas.

It should be stated that although the court allowed
fifteen days after the appeal in question was granted
in which to file the bond, it was actually filed within
ten days from the adjournment of the term. It should
be stated also no question is made about the amount
of the bond or the sufficiency and responsibility of the
sureties.

The writ of mandamus will be denied. All concur.