STATE OF MISSOURI at the Relation of FRANK CARBONETTI, Relator, v. JOHN SCMOLL, Clerk of the Circuit Court of the City of St. Louis, Respondent.

St. Louis Court of Appeals.   Opinion Filed May 8, 1923.

APPEALS: Bonds: Appeal Bonds: Term Orders: Order Fixing Bond and Allowing Time in Vacation: Statute: Construction. Construing the proviso of section 1473, Revised Statutes 1919, providing that the court may at the time of granting an appeal, by order of record, fix the amount of the appeal bond and allow appellant time in vacation, not exceeding ten days, to file the same, etc., held that the words "at the time of granting an appeal," should be construed with reference to the control of the court during the term over its orders made at such term, by reason whereof any order, including an order granting an appeal, does not become a finality until the close of the term, and when the court, having granted an appeal and approved the appeal bond, afterwards during the term, set aside its order approving such appeal bond given at the time of granting the appeal, and made an order allowing the appellant ten days after the term in which to file a new appeal bond, such order may be said to have been made, in contemplation of law, at the time of granting the appeal.

*Mandamus.*   Original Proceeding.

PEREMPTORY WRIT DENIED.

*Frank C. O'Malley* and *Chilton Atkinson* for relator.

(1) An appeal bond will stay execution only if filed and approved during the term at which the judgment appealed from was rendered, or within ten days after the close of the term, provided an order to that effect is made and entered of record at the time the appeal is taken. Sec. 1473, R. S. 1919. (2) Neither an appeal nor a *supersedeas* pending appeal is a matter of right, but they are privileges granted by statute and are to be held strictly within statutory confines. State ex

rel. Teumler v. Goldstein, 209 Mo. App. 102; Long v. Disner, 72 Mo. 655; Julian v. Rogers, 87 Mo. 229; State ex rel. Bamberger v. Graves, 147 Mo. App. 324. (3) Even the appellate court cannot fix the amount and approve a bond when an appeal has been granted by the circuit court. Kreyling v. O'Reilly, 95 Mo. App. 561. (4) In this case the approval of the bond by the court was *coram non judice* and the sureties would not be liable even if the case be affirmed or dismissed on appeal and relator is without security while the defendant is still in possession of the premises pending her appeal. Bank of Monett v. Maulder et al., 53 Mo. App. 535.

*John C. Robertson*, Amicus Curiae.

(1) During the term in which judgment or decision appealed from is rendered is only time of granting an appeal. Sec. 1471, R. S. 1919. (2) The court may allow an appellant ten days after the close of the term at which appeal was allowed in which to file his appeal bond. Sec. 1473, R. S. 1919; State ex rel. Bamberge v. Graves, 147 Mo. App. 324. (3) As the trial court has power to approve an appeal bond at subsequent term of court, its approval at such subsequent term is equivalent to fixing the amount of the bond and supply the omission to do so at the time the appeal was allowed. State ex rel. Bamberge v. Graves, 147 Mo. App. 324; State ex rel. v. Dillon, 98 Mo. 93; American Brew. Co. v. Talbot, 135 Mo. 170; State ex rel. v. Klein, 137 Mo. 673. (4) As the failure of the trial court to fix the amount of the appeal bond on the day or at the exact time the appeal was prayed or granted is immaterial if the appeal bond is presented and approved by the trial court within ten days from the close of the term at which the appeal was allowed, the fact that the trial court did not on the very day or at the exact time the appeal prayed or granted make its order of record allowing defendant ten days after the close of the terms in which to file a

4—211 M. A.

bond, would be regarded as far more immaterial, especially if such order allowing defendant ten days after the close of the term in which to give an appeal bond was made during the term in which the appeal was allowed, for, according to the exact letter of the statute, the granting of ten days additional time in which to give a bond is predicated on the fact that the trial court has first fixed the amount of the appeal bond at the time the appeal was granted, which is held unnecessary. Sec. 1473, R. S. 1919; State ex rel. Bamberge v. Graves, 147 Mo. App. 324. (5) The proviso in section 1473, R. S. 1919, should be given liberal construction, one which, instead of enforcing the letter of the statute, will realize the purpose the Legislature had in mind, namely, to afford appealing parties the opportunity to stay execution by filing an appeal bond within ten days after the term in which the appeal was allowed. State ex rel. Bamberge v. Graves, 147 Mo. App. 324. (6) The court, in setting aside its approval of the appeal bond given and approved at the time the appeal was allowed or granted, retained jurisdiction in himself to make at any time during the term at which the appeal was allowed any order dealing with the giving of an appeal bond that he could have made at the time the appeal was allowed or granted. State ex rel. Bamberge v. Graves, 147 Mo. App. 324. (7) The trial court, at the time it made its order giving defendant ten days time after the close of the term in which to give an appeal bond, could not make another order allowing an appeal, for at the time the appeal was first allowed or granted the jurisdiction of the trial court was transferred to the appellate court and the exercise of all other judicial functions was arrested in so far as the trial court was concerned, whether bond be filed or not. State ex rel. v. Goldstein, 209 Mo. App. 113.

ALLEN, P. J.—This is an original proceeding in this court whereby the relator seeks a peremptory writ of mandamus to compel the respondent, clerk of the

circuit court of the city of St. Louis, to issue an execution upon a judgment. Upon the filing by relator of the petition for the writ respondent waived the issuance of the alternative writ, consented that relator's petition be taken as the alternative writ, and filed a demurrer thereto. From the petition for the writ the following facts appear, which are admitted by the demurrer to be true.

On October 4, 1922, during the October term of the circuit court of the city of St. Louis, this relator, in an action for unlawful detainer, recovered a judgment in that court against one Cathryn Elms for the restitution of the premises involved, for rents and profits due to May 1, 1922, in the sum of $930.48, for damages in the sum of $576, and assessing the value of the monthly rents and profits at $120. Cathryn Elms duly filed her motion for a new trial, which motion was not disposed of until December 4, 1922, during the December term, 1922, of that court, when it was overruled. Thereafter, on December 9, 1922, during the same December term, Cathryn Elms was duly allowed an appeal to this court, and on the same day an appeal bond presented by her, in the sum of $1500, with the Globe Indemnity Company as surety, was approved by the court. Thereafter, on January 26, 1923, during the same December term, 1922, the court, on motion of the plaintiff in that cause, this relator, set aside its order approving such appeal bond. Thereafter, on February 1, 1923, during the same December term, 1922, on oral motion of counsel for Cathryn Elms, the court made an order allowing her ten days after the close of the December term, 1922, to give a new appeal bond; and on February 12, 1923, during the February term, 1923, of the court, and within ten days after the close of the December term thereof, Cathryn Elms presented to the court an appeal bond in the sum of $2500, with the Globe Indemnity Company as surety, which bond was approved by the court and filed in the cause. Thereafter, during the same February term, relator filed a motion to set aside the ap-

proval of the last mentioned appeal bond and for an order granting execution on the judgment, which motion the court overruled. Thereafter, relator demanded that respondent, as clerk of said circuit court, issue an execution on the judgment, which respondent refused to do. Thereupon relator instituted the proceeding now before us.

It is the contention of relator that the circuit court was without jurisdiction to make the order of February 1, 1923, purporting to allow the defendant in the Elms case ten days after the close of the December term, 1922, in which to file another appeal bond as a *supersedeas;* that the order of the court of February 12, 1923, approving such bond, was a nullity.; and that, therefore, there is in contemplation of law no appeal bond in the case and no *supersedeas.* The real question involved depends upon the construction to be given the proviso to section 1473, Revised Statutes 1919. By the main body of that section an appeal bond is allowed to act as a *supersedeas* if approved and filed during the term at which the judgment is rendered. The proviso thereto is as follows:

"Provided, however, that the court may, at the time of granting an appeal, by order of record, fix the amount of the appeal bond and allow appellant time in vacation, not exceeding ten days, to file the same, subject to the approval of the clerk, and such appeal bond, approved by the clerk and filed within the time specified in such order, shall have the effect to stay the execution," etc.

In the instant case, the order allowing the appellant in the Elms case ten days after the close of the December term in which to file her appeal bond, was not made on the day on which the appeal was allowed, viz., December 9, 1922, but was made on February 1, 1923, during the same December term. And relator's contention is that, under this proviso, the court had no jurisdiction to make such order subsequent to the day on which the appeal was allowed, though during the

same term. We may say that no question is raised as to the authority of the court to approve a bond where the order allowing the bond to be so filed is made when the appeal is allowed, though such period of ten days may extend into the next succeeding term. Though section 1473, supra, provides that the court may allow the appellant time in vacation, not exceeding ten days, in which to file the bond, it has been held by this court that where the period of ten days after the end of the term extends into the next term, as in this case, the court may nevertheless permit the bond to be filed within such period, and that it is then the duty of the court, and not of the clerk, to approve such bond; this being, it was held, within the spirit and intendment of the statute. [State ex rel. Bamberge v. Graves, 147 Mo. App. 324, 126 S. W. 749.] The sole question here involved, therefore, is whether the above mentioned order of February 1, 1923, was one within the court's jurisdiction and authority, in view of the fact that the proviso to section 1473, supra, authorizes the making of an order of this character "at the time of granting an appeal." It is true that the language thus employed in the act, taken literally, would seem to support relator's contention; but we think that this would be a too narrow and technical view of the statute, and one not in accord with the obvious spirit and intent thereof. The words, "at the time of granting an appeal," should be construed, we think, with reference to the control of the court during the term over its orders made at such term, by reason whereof any order, including an order granting an appeal, does not become a finality until the close of the term. It is a well-settled common-law rule that acts and proceedings done or had remain *in fieri* during the term, subject to be modified or set aside before the close of the term. [See: State ex rel. Elberta Peach & Land Co. v. Chicago Bonding & Surety Co., 215 S. W. 20; Crawford v. C., R. I. & P. Ry. Co., 171 Mo. 68, 66 S. W. 350.] And this applies to an order allowing an appeal (Werckmann v. Taylor, 112 Mo. App. 365,

87 S. W. 44; Crawford v. C., R. I. & P. Ry. Co., supra);
though the court is not warranted in setting aside an
order granting an appeal without notice. [State v.
Sutton, 232 Mo. 244, 134 S. W. 663; State v. Biesemeyer,
136 Mo. App. 668, 118 S. W. 1197.]

While it has often been judically stated that after
the granting of an appeal the cause is pending in the
appellate court, this, as pointed out in Crawford v. C.,
R. I. & P. Ry. Co., supra, "was said of the effect of the ap-
peal after the close of the term of the circuit court."
[And see Werckmann v. Taylor, supra.]    In this view
the act of the court, in the Elms case, in granting the
appeal did not become final, but remained *in fieri* so long
as the term remained open, and when the court, during
the term, made an order allowing the appellant ten
days after the term in which to file a new appeal bond
such order may be said to have been made, in contem-
plation of law, at the time of the granting of the appeal.
Obviously the court set aside its order approving the
first appeal bond because that bond was insufficient in
amount under section 1473, supra, as the court had the
jurisdiction and authority to do during the term.    The
court could then have set aside the order granting the
appeal and made a new order granting an appeal coupled
with an order allowing the appellant ten days after the
close of the term in which to file an appeal bond.    And
we perceive no good reason why the court should be
required to do the useless act of setting aside the appeal
as a prerequisite to its right to make the order here in
question.    In State ex rel. Bamberge v. Graves, supra,
this court, through GOODE, J., took a liberal view of this
proviso in order to accomplish the broad purpose of
its enactment.    A like view thereof leads us to a result
contrary to relator's contention herein, and one, we
think, which, upon analysis, does no violation to the stat-
ute or to sound legal principles.

It follows that the peremptory writ should be denied.
and it is so ordered.    *Becker* and *Daues*, JJ., concur.